# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued December 4, 2018          Decided July 2, 2019

No. 18-1003

DAVID T. MYERS,
APPELLANT

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE,
APPELLEE

---

On Appeal from the Decision
of the United States Tax Court

---

*Joseph A. DiRuzzo III* argued the cause and filed the briefs for appellant.

*Carlton M. Smith* was on the brief for *amicus curiae* The Federal Tax Clinic of the Legal Services Center of Harvard Law School in support of the appellant.

*Janet A. Bradley*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the briefs were *Joan I. Oppenheimer* and *Bethany B. Hauser*, Attorneys.

Before: HENDERSON and PILLARD, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* GINSBURG.

Opinion concurring in part and dissenting in part filed by *Circuit Judge* HENDERSON.

GINSBURG, *Senior Circuit Judge*: The Internal Revenue Service denied David T. Myers's application for a whistleblower award. Myers sought relief from the Tax Court, which found his claim was untimely and dismissed it for lack of jurisdiction. We hold first that this court has jurisdiction over Myers's appeal. We then reverse the Tax Court's dismissal and remand this case for further proceedings because, although Myers's petition was untimely, the filing period is not jurisdictional and is subject to equitable tolling.

## I. Background

In 2009 Myers filed an Application for Award of Original Information (Form 211) with the Whistleblower Office of the IRS. He alleged his former employer had intentionally misclassified him and other employees as independent contractors in order "to avoid paying workmen compensation, health insurance, vacation time etc.," and sought a monetary award under 26 U.S.C. § 7623(b) of the Internal Revenue Code for bringing to the Secretary's attention "persons guilty of violating the internal revenue laws," *id.* § 7623(a).

In a letter dated March 13, 2013, the Whistleblower Office denied Myers's claim:

> We have considered your application for an award dated 08/17/2009. Under Internal Revenue Code Section 7623, an award may be paid only if the information provided results in the collection of

additional tax, penalties, interest or other proceeds. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award.

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

On March 27, 2013 Myers sent a fax to the Whistleblower Office stating, among other things, "I inexplicably received a letter denying my claim."

Myers continued to send correspondence regarding his claim to the Whistleblower Office, which responded in four more letters dated November 20, 2013; January 8, 2014; February 24, 2014; and March 6, 2014. Other than the one dated February 24, 2014, those letters were identical, stating, in pertinent part:

We considered the additional information you provided and determined your claim still does not meet our criteria for an award. Our determination remains the same despite the information contained in your latest letter….

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

The full text of all five letters is reproduced in the Appendix.

Myers alleges that following the March 2014 letter he began corresponding "with various other Government officials," including then-IRS Chief Counsel William Wilkins,

"on account of his frustration with the Whistleblower Office." *Myers v. Comm'r*, 148 T.C. 438, 448 (2017).

On January 20, 2015 Myers mailed his pro se petition to the Tax Court, asking it "to revisit the denial of [his] IRS Whistleblower (W/B) claim ... that was inexcusably denied by the IRS on 3/13/2013." The IRS moved to dismiss Myers's petition for lack of jurisdiction on the ground that it was not timely filed under 26 U.S.C. § 7623(b)(4). That provision states:

> Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

In October 2015, the Tax Court held an evidentiary hearing on the IRS's motion because the parties disputed whether the IRS had sufficient evidence of having properly mailed the determination letters to Myers. The Tax Court ultimately concluded this issue was immaterial because actual notice of the IRS's adverse determination suffices to begin the filing period. 148 T.C. at 448. The Tax Court then found Myers had actual notice "no later than April 11, 2014" — the date of his first email to Wilkins — and on June 7, 2017 entered an order dismissing Myers's claim for lack of jurisdiction. *Id.* at 441, 448-49.

On June 25, 2017, Myers filed a "Motion for Reconsideration" in which he "ask[ed] the court to respectfully reconsider their decision to dismiss the case for lack of jurisdiction." The Tax Court denied the motion on July 13, 2017. Myers thereafter appealed to the Tenth Circuit and mailed the notice of appeal to the Tax Court on September 21,

2017 — 106 days after that court had entered its order dismissing his case and 70 days after it had denied his motion for reconsideration. Myers's appeal was subsequently transferred from the Tenth Circuit to this court.

The parties' briefs did not raise any question concerning our jurisdiction. Nonetheless, prior to oral argument we directed the parties to file "supplemental briefs addressing whether appellant's notice of appeal was timely under Federal Rule of Appellate Procedure 13." *Myers v. Comm'r*, No. 18-1003 (D.C. Cir. November 14, 2018) (order).

## II. This Court's Jurisdiction

We begin, as we must, with the question of our own jurisdiction over this appeal. *See, e.g.*, *Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 656 (D.C. Cir. 2013). If Myers's appeal was not timely and if the time limit is "mandatory and jurisdictional," *Bowles v. Russell*, 551 U.S. 205, 209 (2007), then this court lacks jurisdiction over his claim. The timeliness of Myers's notice of appeal depends upon the effect of his motion for reconsideration.

Federal Rule of Appellate Procedure 13(a)(1)(A) and 26 U.S.C. § 7483 each provides that an appeal from the Tax Court to the court of appeals must be filed with the Tax Court within 90 days after the entry of the Tax Court's decision. Because Myers mailed his notice of appeal 106 days after the Tax Court's dismissal order, it would not be timely under those provisions. That mailing, however, occurred only 70 days after the Tax Court had denied his motion for reconsideration. Rule 13(a)(1)(B) states:

> If, under Tax Court rules, a party makes a timely *motion to vacate or revise* the Tax Court's decision,

the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later. (Emphasis added)

Myers apparently did not make a "motion to vacate or revise" the Tax Court's decision, which would be brought under Tax Court Rule 162. Instead, because Myers styled his filing as a "motion for reconsideration," the Tax Court treated it as a "motion for reconsideration of findings or opinion" under Tax Court Rule 161; that type of motion is not mentioned in Rule 13. It follows that Myers's notice of appeal is timely if the 90-day period to appeal did not begin until the Tax Court denied his motion for reconsideration. The question before us, then, is whether a motion for reconsideration restarts the clock, as described in Rule 13(a)(1)(B), even though the Rule does not explicitly so state. The IRS and Myers agree that it does, relying principally upon the Ninth Circuit's reasoning in *Nordvik v. Commissioner*, 67 F.3d 1489, 1493-94 (1995) (reversing *Trohimovich v. Commissioner*, 776 F.2d 873, 875 (1985)).[*]

---

[*] Although no court other than the Ninth Circuit appears to have a precedential decision on this issue, at least three other circuits have commented upon it. The Tenth Circuit stated in a dictum, "this court has never given tolling effect in a tax appeal to a motion for reconsideration, which is not mentioned in Rule 13." *Mitchell v. Comm'r*, 283 F. App'x 641, 644 (2008). The court did not, however, rely upon that ground for rejecting the appellant's notice of appeal because his motion for reconsideration was itself untimely. In *Spencer Medical Associates v. Commissioner*, 155 F.3d 268, 270 (1998), the Fourth Circuit assumed *Nordvik* was correct but did not so hold because it similarly found the taxpayer's motion for reconsideration was itself untimely. Finally, in an unpublished

We agree with the parties. We do not read the reference in Rule 13(a)(1)(B) to a "motion to vacate or revise" to refer solely to motions brought under Tax Court Rule 162. Any post-decisional motion that "places the correctness of the judgment in question" is the "functional equivalent" of a motion to vacate or revise and should be treated as such for the purpose of determining timeliness. *Rados v. Celotex Corp.*, 809 F.2d 170, 171 (2d Cir. 1986) (cleaned up) (treating a motion for reconsideration as a motion to amend under Fed. R. Civ. P. 59(e) for the purpose of determining appellate jurisdiction).

The Supreme Court has made clear that, in general, "[a] timely motion for reconsideration ... 'renders an otherwise final decision of a district court not final' for purposes of appeal." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019) (quoting *United States v. Ibarra*, 502 U.S. 1, 6 (1991)); *see also Dep't of Banking, Neb. v. Pink*, 317 U.S. 264, 266 (1942) ("A timely petition for rehearing tolls the running of the [appeal] period because it operates to suspend the finality of the state court's judgment"). The rationales behind this rule are two-fold. First, it "giv[es] district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8 (1976), which "prevents unnecessary burdens being placed on the courts of appeals," *Ibarra*, 502 U.S. at 5. And, because "a notice of appeal filed before the disposition of a post trial motion ... would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of." Fed. R. App. P. 4(a)(4), advisory committee's notes to 1979

---

decision, the Eighth Circuit agreed with the Ninth Circuit that a timely motion for reconsideration restarts the time for appeal. *See Sanderson v. Comm'r*, 231 F. App'x 534, 535 (8th Cir. 2007).

amendments. This reasoning applies with equal force to decisions of the Tax Court, which we review "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1); *cf. InverWorld, Ltd. v. Comm'r*, 979 F.2d 868, 872 (D.C. Cir. 1992) (applying "general principles familiar from appeals of district court decisions" to determine whether the Tax Court's decision was final).

Illustrating the strength of this general rule, the Supreme Court in *United States v. Healy*, a criminal case in which the district court had dismissed the indictment, held "the 30-day period [for appeal] begins to run from ... the denial of [the Government's] petition for rehearing," even though Federal Rule of Criminal Procedure 37(a)(2) provides only that the time for appeal restarts upon a defendant's "motion for a new trial or in arrest of judgment." 376 U.S. 75, 78, 79 n.3 (1964) (quoting the 1963 version of the Rules). The Court drew no negative inference from the silence of the rule with regard to the Government's motion. *Id.* at 79-80 (stating that the Rule "sheds no light on the relevance of a petition for rehearing"). The Court therefore concluded it was "constrained to read these rules as consistent with a traditional and virtually unquestioned practice" of treating rehearing petitions by the Government and by the defense "as having the same effect on the permissible time for seeking review" in "criminal, as well as civil, litigation." *Id.* Then, in *Ibarra*, the Supreme Court held a "motion for reconsideration" had the same effect as a "petition for rehearing" under *Healy* with regard to the time to appeal. 502 U.S. at 6.

So, too, here: Rule 13 is silent as to the effect of a motion for reconsideration. Meanwhile, the Advisory Committee's Notes to the 1967 Adoption of the Rule explain that Rule 13(a) simply "states the settled teaching of the case law," which drew

no distinction between a motion for reconsideration and any other post-judgment motion challenging the disposition. *Citing Robert Louis Stevenson Apts, Inc. v. Comm'r*, 337 F.2d 681, 685 (8th Cir. 1964) (holding the time for appeal restarts upon any motion that, if "granted, would ... necessitate[] the Tax Court's reversing its determination"), *and Denholm & McKay Co. v. Comm'r*, 132 F.2d 243, 249 (1st Cir. 1942) (explaining that a timely motion for reconsideration "retains the case within the Board [of Tax Appeal]'s jurisdiction," and "[t]he decision does not become final until ... after the motion is denied if it is denied"). In a decision predating those referenced by the Advisory Committee, this court similarly recognized that

> [i]n the Federal courts the rule is well established that ... the filing of a petition for rehearing, or of a motion for a new trial, will suspend the running of the period within which an appeal may be taken, and that this period then begins to run anew from the date on which final action is taken on the petition or motion, whether it be denied or granted. The rule as above stated applies *even though a statute fixes the time within which appeal may be taken as a definite period from the entry of judgment*. This rule has been applied by this court, as well as by other circuit courts of appeals, to proceedings before the Board of Tax Appeals.

*Saginaw Broad. Co. v. FCC*, 96 F.2d 554, 558 (D.C. Cir. 1938) (citations omitted) (emphasis added) (The Board of Tax Appeals is the predecessor of the Tax Court). Considering these authorities, we do not infer that the phrase a "motion to vacate or revise" in Rule 13 excludes a motion for reconsideration.

That the Federal Rules of Appellate Procedure "were not adopted to set traps and pitfalls by way of technicalities for unwary litigants," *Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955), further supports our conclusion. As Myers points out, the Tax Court Rules "offer no substantive guidance as to what differentiates the two motions." Nor does the Tax Court's case law erect materially different standards for granting each motion. *Compare Seiffert v. Comm'r*, 107 T.C.M. (CCH) 1326 (2014) ("Motions to vacate or revise our decision are generally not granted absent a showing of unusual circumstance or substantial error, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or other reasons justifying relief") *with Estate of Quick v. Comm'r*, 110 T.C. 440, 441 (1998) ("Reconsideration under Rule 161 serves the limited purpose of correcting substantial errors of fact or law and allows the introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding"). As a result, courts and litigants lack standards by which to determine whether a filing is truly a motion to vacate or revise for the purpose of starting the time for appeal. We will not adopt an interpretation of Rule 13 that invites confusion and inconsistency. *Cf.* Fed. R. App. P. 4(a)(4), advisory committee's notes to 1993 amendments (describing "the difficulty" courts had previously encountered in "determining whether a posttrial motion ... is a Rule 59(e) motion ... or a Rule 60 motion" when only the former tolled the time for appeal). That the great majority of individual taxpayers proceed pro se before the Tax Court exacerbates the potential for unfairness. *See* James S. Halpern, *What Has the U.S. Tax Court Been Doing? An Update*, 151 Tax Notes 1277, 1282 (2016).

For the foregoing reasons, we hold that although Myers did not make a "motion to vacate or revise" under Tax Court Rule 162, his timely motion for reconsideration under Tax

Court Rule 161 restarted the 90-day appeal period, just as a motion to vacate or revise would have done. Myers's notice of appeal was therefore timely under Rule 13(a)(1)(B) and raises no doubt about our jurisdiction. Consequently, we do not reach the issue whether the 90-day appeal period is jurisdictional.

### III. The Jurisdiction of the Tax Court

Having assured ourselves of our jurisdiction, we turn to that of the Tax Court, which determined that Myers's claim was untimely under 26 U.S.C. § 7623(b)(4) and dismissed it for lack of jurisdiction. On appeal, Myers contends that the Tax Court erred in finding that his claim was untimely; in the alternative, he argues that the filing period is not jurisdictional and seeks equitable tolling.

This court "review[s] the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Accordingly, we consider jurisdictional issues de novo, including whether a filing was timely. *See, e.g.*, *Mobley v. CIA*, 806 F.3d 568, 575 (D.C. Cir. 2015). In addition, we reiterate that Myers proceeded pro se before the Tax Court and note that this court "follows the general principle that a document filed pro se is to be liberally construed." *Hill v. Assocs. for Renewal in Educ., Inc.*, 897 F.3d 232, 236 (D.C. Cir. 2018) (cleaned up).

### A. Whether Myers's Petition was Untimely

It is undisputed that the 30-day period in § 7623(b)(4) begins only once there has been a "determination" by the Whistleblower Office. Myers therefore challenges the Tax Court's finding that his petition was not timely on two accounts: First, the letters sent by the Whistleblower Office

"were so bereft of information as to not qualify as a 'determination' under Section 7623(b)(4)"; and second, he lacked effective notice of the determination because the IRS failed to show that it mailed the letters. We reject both arguments and agree with the Tax Court that Myers's petition was not timely.

### 1. Whether Myers received an appealable "determination"

The Tax Court concluded that "each of the five letters to petitioner from the Whistleblower Office reflects an appealable determination under section 7623(b)(4)." 148 T.C. at 445. Myers objects that the letters do not (1) "contain any information regarding the value of [his] claim," (2) explain why he is not entitled to an award, or (3) tell him how and when to petition the Tax Court.

As a preliminary matter, we note that we address Myers's claim on its merits, despite the IRS's contention that Myers forfeited these three objections by failing to raise them before the Tax Court. Myers raised his lack of information about his right to appeal at least twice in his briefs before the Tax Court, stating, "the only problem is that not a single one of these letters ... inform the Petitioner where he could appeal the respondents [sic] determination," and "the respondent's denial letter determinations must also advise the W/B of their right to seek judicial review ... and the respondent failed to comply with this policy guideline on all five denial letters sent to the Petitioner!" Because Myers was pro se, we believe this sufficed to preserve the issue. Although Myers did not preserve his other two objections, we exercise our discretion to resolve this "straightforward legal question" that "both parties have fully addressed ... on appeal." *Prime Time Int'l Co. v. Vilsack*, 599 F.3d 678, 686 (D.C. Cir. 2010).

13

Turning to the merits, we agree with the Tax Court that "written notice informing a claimant that the IRS has considered information that he submitted and has decided whether the information qualifies the claimant for an award" suffices to constitute a "determination" for the purpose of § 7623(b)(4). 148 T.C. at 443; *see also Kasper v. Comm'r*, 137 T.C. 37, 41 (2011). In order to assure that a claim is ripe for review by the Tax Court, the determination need state only the Whistleblower Office's final decision. Here, the letters told Myers "the information [he] submitted did not qualify for an award"; that sufficed to give him his "ticket[] to the tax court," *Laing v. United States*, 423 U.S. 161, 206 (1976). There is no requirement under § 7623(b)(4) or any other authority that a "determination" contain any of the other information Myers's desires.[†]

Of course, we share the Tax Court's concern that "the consistent lack" of information in determination letters sent by the Whistleblower Office about a claimant's right to appeal

> not only is inconsistent with [the IRS]'s practice in many other areas where [its] jurisdiction is implicated (in particular, deficiency cases, cases involving relief from joint and several liability, and lien/levy cases), but also ... can be prejudicial to claimants — especially because there are only 30 days to appeal — and the cause of much unnecessary confusion and consternation in [its] adjudication of such cases.

---

[†] Myers's argument that the Whistleblower Office must include information about the value of a claim is based in part upon Treasury regulations 26 C.F.R. §§ 301.7623-1 and 301.7623-3. As the IRS correctly points out, however, those regulations are effective only for claims submitted on or after August 12, 2014 and are therefore inapplicable here. §§ 301.7623-1(f), 301.7623-3(f).

148 T.C. at 444 n.6. Nevertheless, we decline Myers's invitation to craft requirements out of whole cloth. In this case, it was enough that the letters notified Myers of the Whistleblower Office's final decision on his claim.

## 2. Whether actual notice triggers the beginning of the filing period

Myers next argues the IRS failed to "prove by direct evidence the date and fact of mailing or personal delivery" of its determination, as required by the Tax Court's case law. 148 T.C. at 446 (citing *Kasper*, 137 T.C. at 45). The Government does not dispute that there is insufficient direct evidence of mailing in this case. Instead, it contends, as the Tax Court held, that notice to a claimant is effective, and thus the 30-day period commences, when the claimant receives actual notice "without prejudicial delay and with sufficient time to file a petition." *Id.* at 446-47.

In Myers's view, "[i]t is not the receipt of the determination which creates the jurisdiction of the Tax Court, but the Commissioner's mailing of notice." Putting aside Myers's incorrect assumption that § 7623(b)(4) is jurisdictional — which we address below — we note that neither the statute nor the applicable Treasury regulations expressly requires mailing. Instead, the Tax Court's rule in *Kasper* responds to an evidentiary concern: because "the Government is generally entitled to a rebuttable presumption of delivery upon presentation of evidence of proper mailing," the Tax Court considered it inappropriate to rely upon "evidence of standard practice" to establish proper mailing. 137 T.C. at 44-45. Direct evidence of actual notice is an adequate — indeed, superior — alternative to evidence of mailing plus a presumption of delivery.

This result is consistent with our decision in *Crum v. Commissioner*, in which the IRS had failed to mail the deficiency notice to Crum's "last known address," as required by 26 U.S.C. § 6212(b)(1). 635 F.2d 895, 901 (D.C. Cir. 1980) (interpreting 26 U.S.C § 6213(a)). We therefore held the 90-day period for filing a petition in the Tax Court began when the petitioner received actual notice of the deficiency. *Id.* The result is also consistent with the various cases Myers cites, none of which passed upon the issue presented here. *See, e.g.*, *Weber v. Comm'r*, 122 T.C. 258, 262-63 (2004) (holding the filing period began to run from the date of mailing rather than the taxpayer's alleged receipt five months later); *Allibone v. Comm'r*, 111 T.C.M. (CCH) 1404 (2016) (rejecting the IRS's argument that a phone call established that the final determination letter was mailed the same day).

In this case, Myers has admitted that he received multiple determination letters from the Whistleblower Office. As he does not claim he filed his petition for review with the Tax Court within 30 days of receiving the notice those letters provided, his petition was untimely.

## B.  Whether the 30-day Filing Period is Jurisdictional

Having agreed with the Tax Court's conclusion that Myers's petition was not timely filed, we must now decide whether that defect deprived the Tax Court of jurisdiction over Myers's petition. We hold that it did not.

The Supreme Court in recent years has "pressed a stricter distinction between truly jurisdictional rules, which govern a court's adjudicatory authority, and nonjurisdictional claim-processing rules, which do not." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (cleaned up). Key to our present decision, the Court has "made plain that most time bars are

nonjurisdictional"; they are "quintessential claim-processing rules which seek to promote the orderly progress of litigation, but do not deprive a court of authority to hear a case." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (cleaned up). Therefore, although the "Congress is free to attach ... the jurisdictional label to a rule that we would prefer to call a claim-processing rule," *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011), we treat a time bar as jurisdictional "only if Congress has 'clearly stated' as much," *Kwai Fun Wong*, 135 S. Ct. at 1632. *See also Fort Bend Cty. v. Davis*, No. 18-525, slip op. at 10 (U.S. 2019) ("the Court has clarified that it would leave the ball in Congress' court"). The Supreme Court has explained that this "clear statement requirement" is satisfied only if the statute "expressly refers to subject-matter jurisdiction or speaks in jurisdictional terms." *Musacchio v. United States*, 136 S. Ct. 709, 717 (2016) (cleaned up). It is not enough, for instance, that a statute uses "mandatory language." *Id.*

Again, § 7623(b)(4) provides:

> Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

The IRS contends this constitutes a "clear statement" because the Congress "placed the jurisdictional language in the same sentence and subsection as the time limit." As our amicus points out, however, the Supreme Court has explicitly rejected "proximity-based arguments" to that effect. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 155 (2013). In *Auburn*, the Court dealt with 42 U.S.C. § 1395*oo*, which lays out the

requirements for Medicare providers to bring reimbursement disputes before an administrative review board:

> (a) Any provider of services … may obtain a hearing … if —
>
>> (1) such provider is dissatisfied with a final determination of the organization serving as its fiscal intermediary … or is dissatisfied with a final determination of the Secretary …, has not received such final determination from such intermediary on a timely basis …,
>>
>> (2) the amount in controversy is $10,000 or more, and
>>
>> (3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination ….

42 U.S.C. § 1395*oo*(a).  The Court held that even if subsections (a)(1) and (a)(2) are both jurisdictional, the 180-day time limit in (a)(3) is not.  *Id.* at 156.  In so doing, it emphasized that "[a] requirement we would otherwise classify as nonjurisdictional … does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions."  *Id.* at 155.  Here, as in *Auburn*, a single sentence contains both a requirement to file within a stated number of days and a grant of jurisdiction; yet there is nothing in the structure of the sentence that "conditions the jurisdictional grant on the limitations period, or otherwise links" those separate clauses.  *Kwai Fun Wong*, 135 S. Ct. at 1633.  On the contrary, the jurisdictional grant is separated from the rest of

the provision by being put in parentheses and introduced by the word "and," which announces a new independent clause. We therefore do not attach dispositive significance to the proximity between the provision setting the time period and the jurisdictional grant.

The IRS counters that "the test is whether Congress made a clear statement, not whether it made the clearest statement possible." *See Duggan v. Comm'r*, 879 F.3d 1029, 1034 (9th Cir. 2018). True enough, but we are not saying the Congress must "incant magic words in order to speak clearly." *Auburn*, 568 U.S. at 153. The Congress need only include words linking the time period for filing to the grant of jurisdiction. *See, e.g.*, *Nauflett v. Comm'r*, 892 F.3d 649, 652 (4th Cir. 2018); *Rubel v. Comm'r*, 856 F.3d 301, 306 (3d Cir. 2017); *Matuszak v. Comm'r*, 862 F.3d 192, 197-98 (2d Cir. 2017).[‡]

[‡] Our dissenting colleague suggests we are "at odds with" these decisions, which held the 90-day filing requirement in 26 U.S.C. § 6015(e)(1)(A) is jurisdictional. Dissent 6 n.2. Here is what that provision says:

> In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed— [during a certain time period].

It differs from the provision at hand in one critical respect: The grant of jurisdiction is followed by an "if" clause that expressly conditions jurisdiction upon timely filing. There is no conflict, therefore, between this case and the cited decisions. Indeed, we think § 6015(e)(1)(A) just shows one way the Congress could have more clearly conditioned the Tax Court's jurisdiction upon timely filing in § 7623(b)(4), *viz.*, with a parenthetical that stated "the Tax Court

Our dissenting colleague reads "such matter" in the parenthetical to provide the connection that makes the filing period jurisdictional. We agree that "such matter" means "the subject of litigation previously specified," which is "an appeal to the Tax Court." Dissent 3. In our view, however, the type of appeal to which "such matter" refers is most naturally identified by the subject matter of the appeal — namely, "any determination regarding an award under paragraph (1), (2), or (3)" — and not by the requirement that it be filed "within 30 days of such determination."

To be sure, this statute comes closer to satisfying the clear statement requirement than any the Supreme Court has heretofore held to be non-jurisdictional. Still, the Court has demanded an unusually high degree of clarity to trigger the "drastic" "consequences that attach to the jurisdictional label." *Shinseki*, 562 U.S. at 435. Indeed, as our amicus points out, the Court has not yet identified a single filing deadline that meets the "clear statement" test. Because the Supreme Court has instructed us to consider its "interpretations of similar provisions in many years past as probative of whether Congress intended a particular provision to rank as jurisdictional," *Auburn*, 568 U.S. at 154 (cleaned up), we believe the Congress must make unmistakable its intent to deprive the Tax Court of authority to hear an untimely petition. In light of the Supreme Court's recent jurisprudence, we think "[t]his case is scarcely the exceptional one," *id.* at 155, in which a filing period ranks as a jurisdictional bar.

---

shall have jurisdiction with respect to such matter if the appeal is brought within such period."

Although this Circuit is the first to decide whether § 7623(b)(4) is jurisdictional in nature, we recognize that our holding is in some tension with that of another circuit regarding a similarly worded provision of the Internal Revenue Code, 26 U.S.C. § 6330(d)(1). *See Duggan*, 879 F.3d at 1034; *accord Guralnik v. Comm'r*, 146 T.C. 230 (2016). Section 6330(d)(1) governs appeals from collection due process hearings; it provides:

> The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter).

This provision is nearly identical in structure to the one at hand. Nevertheless, for the reasons given above, we cannot agree that "timely filing of the petition [is] a condition of the Tax Court's jurisdiction" simply because "the filing deadline is given in the same breath as the grant of jurisdiction." *Duggan,* 879 F.3d at 1034. We hold § 7623(b)(4) does not contain a "clear statement" that timely filing is a jurisdictional prerequisite to the Tax Court's hearing the whistleblower's case.

## C. Whether the 30-day Filing Period is Subject to Equitable Tolling

Because we hold that § 7623(b)(4) is not jurisdictional, we come to the question whether the filing period is subject to equitable tolling. Under *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) and its progeny, "a nonjurisdictional federal statute of limitations is normally subject to a rebuttable presumption in favor of equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (cleaned up). Because the "presumption of equitable tolling was adopted in part on the premise that such a principle is likely to be a realistic

assessment of legislative intent," *Auburn*, 568 U.S. at 159 (cleaned up), it is rebutted if there is "good reason to believe that Congress did *not* want the equitable tolling doctrine to apply," *United States v. Brockamp*, 519 U.S. 347, 350 (1997).

The IRS maintains equitable tolling is not a realistic assessment of legislative intent with regard to § 7623(b)(4), citing the Supreme Court's decision in *Auburn*. There the Supreme Court denied the presumption to the 180-day limit for appealing a Medicare reimbursement determination to an administrative review board, in part because "unlike the remedial statutes at issue in many of th[e] Court's equitable-tolling decisions," the statutory scheme is "not designed to be unusually protective of claimants." 568 U.S. at 159-160. The IRS therefore argues that the "whistleblower statute providing for an 'award' is not a remedial provision" "designed to be unusually protective of claimants."

Indeed it is not, but the Court in *Auburn* did not rest its evaluation of legislative intent on this factor alone. The Court began its analysis by saying, "[w]e have never applied the *Irwin* presumption to an agency's internal appeal deadline." *Id.* at 159. It then explained that the Secretary of the Department of Health and Human Services, pursuant to its rulemaking authority, had expressly prohibited the review board from extending the filing deadline. *Id.* at 159; *see* 42 C.F.R. § 405.1841(b) (2007). Because the Congress had amended the statute six times, "each time leaving untouched the 180-day administrative appeal provision and the Secretary's rulemaking authority," the Court inferred that the Congress approved of the regulation. *Id.* at 159. Finally, it noted the statutory scheme is not "one in which laymen, unassisted by trained lawyers, initiate the process"; instead, providers are "sophisticated" "repeat players" who are "assisted by legal counsel." *Id.* at 160.

None of these other indicators of legislative intent is present in this case: The Tax Court is not an "internal" "administrative body" and Tax Court petitioners are typically pro se, individual taxpayers who have never petitioned the Tax Court before. Moreover, the IRS points to no regulation or history of legislative revision that might contradict the *Irwin* presumption. That the whistleblower award statute is not unusually protective of claimants is the only consideration on the IRS side of the ledger. Without more, we are not persuaded to set aside a presumption that has been so consistently applied. *See, e.g. Young v. United States*, 535 U.S. 43, 49 (2002) ("It is hornbook law that limitations periods are customarily subject to equitable tolling") (cleaned up).

We therefore hold the *Irwin* presumption has not been rebutted and the filing period in § 7623(b)(4) is subject to equitable tolling. Accordingly, we will remand the case to the Tax Court to consider in the first instance whether equitable tolling is appropriate in this case.

## IV. Conclusion

In sum, we agree with the Tax Court's conclusion that Myers's petition was not timely filed under § 7623(b)(4), reverse its dismissal for want of jurisdiction, and remand the case for the Tax Court to decide whether Myers is entitled to equitable tolling.

*So ordered.*

**Appendix: Tax Court Letters**

1. March 13, 2013 letter

> We have considered your application for an award dated 08/17/2009. Under Internal Revenue Code Section 7623, an award may be paid only if the information provided results in the collection of additional tax, penalties, interest or other proceeds. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award.
>
> Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.
>
> If you have any further questions in regards to this letter, please feel free to contact the Informant Claims Examination Team at 801-620-2169.

2. November 20, 2013; January 8, 2014; and March 6, 2014 letters

> We considered the additional information you provided and determined your claim still does not meet our criteria for an award. Our determination remains the same despite the information contained in your latest letter.
>
> Please keep in mind the confidentiality of the informants' claims process and understand that we cannot disclose the facts surrounding an examination, i.e., taxes collected and audit examination.

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

If you have any further questions in regards to this letter, please feel free to contact the initial Evaluation Claims at 801-620-2169.

3. February 24, 2014 letter

This letter is in regard to your correspondence dated February 20, 2014, concerning your claim for award.

We closed your claim for award on March 13, 2013. I am enclosing a copy of the letter for your information.

When we receive allegations of non-compliance, the information is evaluated to determine if an investigation or audit is appropriate. The evaluation considers many factors; however, we cannot share our analysis with you because of the taxpayer privacy provisions of section 6103 of the Internal Revenue Code. At the conclusion of our review, we can only tell you whether the information you provided met the criteria for paying an award. Unfortunately, we cannot give you specific details about what actions we take, if any, because of the privacy laws that protect the tax information of all taxpayers.

I am sorry that my response cannot be more specific. If you have further questions about your claim, please call or write the Whistleblower Office, ICE Team at the above address or phone number. Thank you for your interest in compliance with the tax laws.

KAREN LeCRAFT HENDERSON, *Circuit Judge,* concurring in part and dissenting in part: Although my colleagues find that David Myers (Myers) failed to file his appeal to the United States Tax Court (Tax Court) within the 30-day filing period provided in I.R.C. § 7623(b)(4), they nevertheless reverse the district court's dismissal for lack of jurisdiction because they conclude that § 7623(b)(4)'s filing period is not jurisdictional. Majority Op. 15–20. I believe, however, that the statutory text clearly demonstrates that the Congress intended to make § 7623(b)(4)'s filing period jurisdictional. I therefore respectfully dissent from my colleagues' conclusion on this issue but join them in the remainder of the majority opinion.

## I. Background

In August 2009, Myers applied to the Internal Revenue Service's (IRS) Whistleblower Office for a monetary award for information he provided—his belief that his employer misclassified him and his co-workers as independent contractors to avoid statutory obligations owed to employees. *See* I.R.C. § 7623(b)(1) (authorizing Treasury Secretary to award whistleblower from 15 to 30 per cent of unpaid tax collected based on information whistleblower provides). The Whistleblower Office sent Myers five letters denying his application. Myers received the last of the letters no later than April 11, 2014 and had 30 days within which to appeal the Whistleblower Office's determinations, *see* I.R.C. § 7623(b)(4). Instead, from April 2014 to February 2015, Myers sent a total of twenty-four emails to various government officials, including the IRS chief counsel. The officials never responded. Myers eventually filed a *pro se* appeal with the Tax Court but not until January 26, 2015—more than eight months after the filing period had passed.

The Tax Court dismissed Myers's appeal as untimely. *Myers v. Comm'r of Internal Revenue,* 148 T.C. 438, 449 (2017). It held that § 7623(b)(4)'s 30-day filing period is

jurisdictional, that the Whistleblower Office's letters were valid determinations, that the filing period began to run no later than April 11, 2014 (by which time Myers had received all five Whistleblower Office letters) and that Myers did not file his appeal until January 26, 2015. *Id.* at 442–48. The Tax Court concluded that it lacked jurisdiction of Myers's appeal and accordingly dismissed his appeal. *Id.* at 449. Myers appeals the Tax Court's dismissal.

## II. Analysis

Because the majority affirms the Tax Court's findings that the Whistleblower Office's letters were valid determinations and that the filing period began to run no later than April 11, 2014, Majority Op. 12–15, whether the Tax Court correctly dismissed Myers's appeal turns exclusively on whether § 7623(b)(4)'s 30-day filing period is jurisdictional. The majority answers the question in the negative, *id.* at 20, but I am not persuaded.

The majority is correct that "most time bars are nonjurisdictional" and instead are "quintessential claim-processing rules which seek to promote the orderly progress of litigation, but do not deprive a court of authority to hear a case." Majority Op. 15–16 (quoting *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015)). The general rule, however, is not unqualified. "[The] Congress is free to attach . . . the jurisdictional label to a rule that we would prefer to call a claim-processing rule." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). To deviate from the general rule and make jurisdictional what is normally a claim-processing rule, the Congress must speak "clearly." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850 (2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)).

3

The 30-day filing period in § 7623(b)(4) is one of the rare instances in which the Congress has clearly expressed its intent to make the time bar jurisdictional. That provision states: "Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." I.R.C. § 7623(b)(4). There is no doubt that the parenthetical clause—"(and the Tax Court shall have jurisdiction with respect to such matter)"—is jurisdictional because it expressly "speak[s] in jurisdictional terms," *Musacchio v. United States*, 136 S. Ct. 709, 717 (2016).

In turn, the parenthetical clause renders the remainder of § 7623(b)(4) jurisdictional "by incorporating [it] into [the] jurisdictional provision." *Fort Bend Cty.*, 139 S. Ct. at 1849. The parenthetical clause states that the Tax Court "shall have jurisdiction with respect to *such matter*." I.R.C. § 7623(b)(4) (emphasis added). "Matter" can mean "something that is a subject of disagreement, strife, or litigation," and "such" refers to things "previously characterized or specified." *Webster's Third New International Dictionary* 1394, 2283 (2002). Here, the subject of litigation previously specified is an "appeal[] to the Tax Court." I.R.C. § 7623(b)(4). The type of appeal of which the "Tax Court shall have jurisdiction," however, is not every conceivable appeal; § 7623(b)(4) specifies the type of appeal that constitutes "such matter" by use of two descriptors: *first*, it must arise from "[a]ny determination regarding an award under paragraph (1), (2), or (3)" and *second*, it must be filed "within 30 days of such determination." *Id.* The parenthetical clause's use of "such matter" therefore provides what my colleagues say they cannot find: "words linking the time period for filing to the grant of jurisdiction." Majority Op. 18; *see also id.* at 17 ("[T]here is nothing in the structure of the sentence that 'conditions the jurisdictional grant on the

limitations period, or otherwise links' those separate clauses." (quoting *Kwai Fun Wong*, 135 S. Ct. at 1633)).

The majority, Myers and *amicus* offer no other plausible way to read the parenthetical clause's reference to "such matter." *See id.* at 15–20. Indeed, *amicus* concedes that "it is arguable 'such matter' in the jurisdictional parenthetical refers to (1) the filing of an appeal and (2) rigid compliance with the 30-day requirement." Rather than identify another plausible interpretation of "such matter," however, *amicus* suggests only that the Congress could have spoken more clearly if § 7623(b)(4) had stated "the Tax Court shall have jurisdiction with respect to such matter *only if the appeal is brought within such period.*" *See also id.* at 18 n.‡ (suggesting similar additional language). But as even the majority recognizes, "the test is whether Congress made a clear statement, not whether it made the clearest statement possible." *Id.* at 18; *accord Duggan v. Comm'r of Internal Revenue*, 879 F.3d 1029, 1034 (9th Cir. 2018); *see Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (Congress need not "incant magic words in order to speak clearly"). That the Congress could have spoken even more clearly does not mean it has not spoken clearly enough to render § 7623(b)(4)'s 30-day filing period jurisdictional. In the absence of any other plausible reading of "such matter," I think the Congress's intent is sufficiently clear.

Downplaying the textual connection between § 7623(b)(4)'s jurisdictional grant and its filing period, my colleagues invoke the rule that proximity to a jurisdictional provision does not render a filing period jurisdictional. Majority Op. 16–18. Granted, "[m]ere proximity [to a jurisdictional provision] will not turn a rule that speaks in nonjurisdictional terms into a jurisdictional hurdle." *Gonzales v. Thaler*, 565 U.S. 134, 147 (2012). This principle, however,

5

says nothing about a filing period that is both proximate *and* textually connected to a jurisdictional grant.

Even were I to join my colleagues and find no textual connection within § 7623(b)(4), I would still not be persuaded that the principle that "mere proximity" is not enough renders § 7623(b)(4)'s filing period nonjurisdictional. They rely heavily on *Sebelius v. Auburn Regional Medical Center*, in which case the United States Supreme Court held that a filing deadline for an administrative appeal under the Medicare Act was not jurisdictional. 568 U.S. at 148–49; *see* Majority Op. 16–18. The Supreme Court concluded that even if paragraphs (a)(1) and (a)(2) of 42 U.S.C. § 1395oo were jurisdictional, that did not also make paragraph (a)(3)'s 180-day filing period jurisdictional. *Auburn*, 568 U.S. at 155–56. As part of its holding, the Court stated that "[a] requirement we would otherwise classify as nonjurisdictional . . . does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions." *Id.* at 155. I do not read *Auburn* to be applicable here, where the filing period and jurisdictional grant occupy the *same statutory provision*, not neighboring provisions.[1] Unlike the filing period in *Auburn*, § 7623(b)(4)'s filing period is not simply proximate to

---

[1] My colleagues point out that, as in § 7623(b)(4), the jurisdictional grant and filing period at issue in *Auburn* are part of the same grammatical sentence. Majority Op. 17. Although perhaps interesting, this fact is not helpful. Whereas § 7623(b)(4)'s jurisdictional grant and filing period are part of a 36-word sentence and share the same statutory paragraph, the "sentence" at issue in *Auburn* is 344 words long and is divided into separate statutory paragraphs, sub-paragraphs and sub-sub-paragraphs, *see* 42 U.S.C. § 1395oo(a). The two sentences are thus chalk and cheese.

other jurisdictional provisions; it "is given in the same breath as the grant of jurisdiction." *Duggan*, 879 F.3d at 1034.[2]

\* \* \*

Based on the text of § 7623(b)(4), I believe that the Congress has clearly expressed its intent that the 30-day filing period is meant to be jurisdictional. Because Myers failed to appeal to the Tax Court within that period, I would conclude that the Tax Court lacked jurisdiction to consider his appeal or to equitably toll the filing period, *see Kwai Fun Wong*, 135 S. Ct. at 1634, and would therefore affirm the Tax Court's dismissal.

---

[2] The majority's holding is also at odds with several decisions from other circuits. The Ninth Circuit has concluded that the nearly identical language in I.R.C. § 6630(d)(1) is "unambiguous" that the filing period is jurisdictional. *Duggan*, 879 F.3d at 1034–35. In addition, the Second, Third and Fourth Circuits have also found I.R.C. § 6015(e)(1)(A)'s similarly worded filing period to be jurisdictional. *See Matuszak v. Comm'r of Internal Revenue*, 862 F.3d 192, 196 (2d Cir. 2017); *Rubel v. Comm'r of Internal Revenue*, 856 F.3d 301, 305 (3d Cir. 2017); *Nauflett v. Comm'r of Internal Revenue*, 892 F.3d 649, 652–53 (4th Cir. 2018). The majority does not meaningfully address the Ninth Circuit's decision and attempts to distinguish the others on the ground that § 6015(e)(1)(A) uses the subordinating conjunction "if" before the filing period and § 7623(b)(4) does not. *See* Majority Op. 18–20 & n.‡. The phrase "such matter" in § 7623(b)(4), however, serves the same function as "if" in § 6015(e)(1)(A): it expressly links the provision's jurisdictional grant to its filing period. Section 6015(e)(1)(A)'s jurisdictional clause is similarly "separated from the rest of the provision by being put in parentheses and introduced by the word 'and'"—two of the reasons the majority uses to conclude that § 7623(b)(4)'s jurisdictional grant operates independently of the remainder of the provision. *Id.* at 17–18. Sections 6015(e)(1)(A) and 7623(b)(4) are equivalent in all material aspects.