T.C. Memo. 2020-137

UNITED STATES TAX COURT

GEORGE JEROME STEVENSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7471-19W.                    Filed September 30, 2020.

George Jerome Stevenson, pro se.

Elizabeth C. Mourges, Bartholomew Cirenza, and Nancy M. Gilmore, for
respondent.

MEMORANDUM OPINION

LAUBER, Judge:  This whistleblower award case is before the Court on a
motion for summary judgment filed by the Internal Revenue Service (IRS or re-
spondent).  Respondent contends that the IRS Whistleblower Office (Office) did
not abuse its discretion in rejecting petitioner's claim on the ground that he did not

**[*2]** provide information regarding any Federal tax violation. We agree and accordingly will grant the motion.[1]

### Background

The following facts are derived from the parties' pleadings and motion papers, including a declaration that attached the administrative record. As far as the record reveals, petitioner is currently incarcerated in a correctional facility in California.

Petitioner filed a Form 211, Application for Award for Original Information, which the Office received on March 1, 2019. The text of his Form 211 is largely incomprehensible. He appeared to allege that a target taxpayer, an individual, had failed to give him and ask that he fill out a Form W-9, Request for Taxpayer Identification Number and Certification. Petitioner did not explain why this was problematic and did not allege that the target had underpaid tax or had violated any internal revenue law. Petitioner attached to his Form 211 a one-page description of a publicly traded international bond fund. He did not allege any underpayment of tax or tax violation by the fund or its principals.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** The Office referred petitioner's claim to Scott Martin, a classifier in the IRS Small Business/Self-Employed Operating Division (SB/SE). A classifier is an employee of an operating division whose role is "to determine if the information on the Form 211 warrants further review." Internal Revenue Manual pt. 25.2.1.3.1(2) (May 28, 2020).

Mr. Martin investigated petitioner's allegations by retrieving and analyzing the target taxpayer's IRS account transcripts and tax returns. Mr. Martin ascertained that this individual had reported his income and had no balance due. Concluding that petitioner's allegations did not cover a matter within the Office's purview, Mr. Martin recommended "[r]ejecting [the] claim for failing to include specific and credible information to support a potential tax violation * * * as well as documentation to support the claim."

The Office agreed with Mr. Martin's recommendation and on April 10, 2019, issued a final determination letter rejecting petitioner's claim. The letter stated in pertinent part that "[t]he claim has been rejected because the information submitted did not identify an issue regarding tax underpayments or violations of internal revenue laws." The letter informed petitioner: "If you disagree with this determination, you have 30 days from the date of this letter to file a petition with the Tax Court."

**[\*4]**   Petitioner petitioned this Court for review of the Office's determination.  He signed and dated the petition May 2, 2019, but the envelope in which it was delivered to the Court does not bear a postmark.  The Court received and filed the petition on May 13, 2019.

On May 19, 2020, respondent filed a motion for summary judgment under Rule 121.  We ordered petitioner to respond to that motion by June 30, 2020, and subsequently extended his time to respond to August 21, 2020.  Petitioner did not respond to respondent's motion.

## Discussion

### A.    Jurisdiction

Section 7623(b)(4) provides that "[a]ny determination regarding an award * * * may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."  The Office issued its determination letter to petitioner on April 10, 2019.  He signed his petition on May 2, 2019, but the mailing date is unclear.  See sec. 7502(a).  The petition was received and filed by the Court on May 13, 2019, more than 30 days after the date on which the Office issued the determination letter.

The U.S. Court of Appeals for the D.C. Circuit is the appellate venue for this case, as for whistleblower cases generally.  See sec. 7482(b)(1) (penultimate

**[\*5]** sentence). We thus follow its precedent. See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971). In Myers v. Commissioner, 928 F.3d 1025, 1034 (D.C. Cir. 2019) (quoting Gonzalez v. Thaler, 565 U.S. 134, 141 (2012)), rev'g and remanding 148 T.C. 438 (2017), the D.C. Circuit held that section 7623(b)(4) sets forth a "nonjurisdictional claim-processing rule," the violation of which does not deprive a court of authority to hear the case. The appellate court further held that the statute's 30-day filing period "is subject to equitable tolling." Id. at 1037.

Consistently with Myers, we hold that we have jurisdiction to consider this case. Since neither party has questioned the filing of the petition after the 30-day period or addressed the subject of equitable tolling, we will proceed to consider respondent's motion for summary judgment.

B.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). However, this summary judgment standard "is

**[\*6]** not generally apt" when reviewing whistleblower award determinations because we "confine ourselves to the administrative record to decide whether there has been an abuse of discretion." Van Bemmelen v. Commissioner, 155 T.C. __, __ (slip op. at 25) (Aug. 27, 2020). In a "record rule" whistleblower case "summary judgment serves as a mechanism for deciding, as a matter of law, whether the * * * [Office's] action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. at __ (slip op. at 26).

Because petitioner did not respond to the motion for summary judgment, we could enter decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits.

C.    Analysis

We review the Secretary's determination as to whether a whistleblower is entitled to an award under section 7623(b)(1) by applying an abuse-of-discretion standard. Kasper v. Commissioner, 150 T.C. 8, 22 (2018). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**[\*7]**  In Lacey v. Commissioner, 153 T.C. 146, 166-169 (2019), we held that we have jurisdiction to review, for abuse of discretion, a determination by the Office to reject a whistleblower claim for failure to meet certain basic criteria. See sec. 301.7623-1(c)(1), Proced. & Admin. Regs. (providing that claims may be rejected if they supply "speculative information" or "do not provide specific and credible information regarding tax underpayments or violations of internal revenue laws"). When the Office rejects a claim, "the written notice [to the claimant] will state the basis for the rejection." Sec. 301.7623-3(b)(3), Proced. & Admin. Regs.  In ascertaining whether the Office abused its discretion, we confine our review to the administrative record.  Kasper, 150 T.C. at 20.

Section 7623(a) authorizes the payment of sums necessary for "detecting underpayments of tax" or "detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same."  Subsection (b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the collected proceeds if all stated requirements are met. Before any award can be paid, section 7623(b)(1) requires that the IRS first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer.  See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Whistleblower 14106-10W v. Commissioner, 137

**[\*8]** T.C. 183, 189 (2011). While we have jurisdiction to review the IRS' award determination, section 7623 gives us no authority to direct the IRS to commence an administrative or judicial action. Cooper v. Commissioner, 136 T.C. 597, 600-601 (2011). If the IRS proceeds with no administrative or judicial action, there can be no whistleblower award. Id. at 601.

The administrative record shows that the Office properly rejected petitioner's claim because he did not provide any credible information regarding a Federal tax violation. The Office based its decision on a recommendation from Mr. Martin, a classifier in SB/SE. He investigated petitioner's claim by retrieving and analyzing the target taxpayer's tax filings and IRS account transcripts. He determined that petitioner's allegations lacked credibility because petitioner did not identify a particular tax year, did not identify a discernible Federal tax issue, and did not supply any source documents.

On the basis of the administrative record, we have no difficulty concluding that the Office did not abuse its discretion in rejecting petitioner's claim for failure to allege any Federal tax issue. We will therefore grant respondent's motion for summary judgment.

**[*9]**  To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.