# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――

**No. 24-1244**

**September Term, 2024**

FILED ON: JUNE 3, 2025

DAVID T. MYERS,

APPELLANT

v.

COMMISSIONER OF INTERNAL REVENUE,

APPELLEE

―――

Appeal from the United States Tax Court

―――

Before: MILLETT, KATSAS and PAN, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the Tax Court and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the Tax Court's judgment be **VACATED** and that the case be **REMANDED** to the Tax Court with instructions to dismiss Myers's petition for lack of jurisdiction.

\* \* \*

David Myers petitioned the Tax Court to review the rejection of his whistleblower claim by the Whistleblower Office (WBO) of the Internal Revenue Service (IRS). The Tax Court dismissed the petition, ruling that it was barred by the statute of limitations and that Myers's constitutional challenge to the structure of the Tax Court lacked merit. On appeal to this court, Myers presses his constitutional claim and asserts that the government waived the statute-of-limitations argument by failing to raise it as an affirmative defense before the Tax Court.

We conclude that the Tax Court lacked jurisdiction over Myers's petition because he failed to establish or allege that the IRS took any action against a taxpayer based on the information that he provided to the WBO. *See Li v. Comm'r*, 22 F.4th 1014, 1017 (D.C. Cir. 2022). We therefore

lack jurisdiction to address Myers's claims and have limited jurisdiction only to review the Tax Court's erroneous exercise of jurisdiction. *See id.* at 1015. Accordingly, we vacate the Tax Court's judgment and remand with instructions to dismiss Myers's petition for lack of jurisdiction.

## I.

In August 2009, Myers applied for an award from the WBO, alleging that his former employer owed additional taxes because it incorrectly categorized him and other employees as independent contractors instead of employees. *See Myers v. Comm'r (Myers I)*, 928 F.3d 1025, 1027 (D.C. Cir. 2019). The WBO rejected his claim. *See id.* The WBO stated in a denial letter that the information Myers provided "did not result in the collection of any proceeds" and therefore he was "not eligible for an award" because "an award may be paid only if the information provided results in the collection of additional tax, penalties, interest or other proceeds." *Id.*; *see also* 26 U.S.C. § 7623(b)(1) (providing that if the IRS "proceeds with any . . . action . . . based on information brought to [the IRS's] attention by" a whistleblower, the whistleblower "shall . . . receive" a portion of the "proceeds collected as a result of the action").

In January 2015 — one year and 10 months after the denial of Myers's claim and his acknowledgment of the denial — Myers petitioned the Tax Court to review the rejection of his whistleblower application. *See* J.A. 19; *see also Myers I*, 928 F.3d at 1027–28. He stated that the IRS had "never audited" his former employer and asked the Tax Court to mandate such an audit. J.A. 19–20. Although his petition was untimely, Myers asked the court to "estop[] any motion by the IRS to dismiss my case due to the expiration of the statute of limitations, or for lack of jurisdiction, or for any reason." J.A. 20; *see also* 26 U.S.C. § 7623(b)(4) (requiring petition to be filed within 30 days of an award determination).

The Tax Court dismissed Myers's petition for lack of jurisdiction due to its untimeliness. *See Myers v. Comm'r*, 148 T.C. 438, 448–49 (2017). Myers appealed that dismissal to this court. In that prior appeal, we agreed with the Tax Court that Myers's petition was untimely, *Myers I*, 928 F.3d at 1033; but we disagreed that the statute of limitations was jurisdictional and remanded for the Tax Court "to decide whether Myers is entitled to equitable tolling," *id.* at 1037; *see also id.* at 1035–37.

On remand, Myers asked the Tax Court to "hold that the Petition was timely." J.A. 83. Myers also argued that the for-cause removal protections afforded Tax Court judges in 26 U.S.C. § 7443(f) are unconstitutional. The Tax Court again dismissed Myers's petition. It declined to equitably toll the statute of limitations, and it rejected Myers's claim that the court's structure is unconstitutional.

Myers filed a timely notice of appeal. *See* J.A. 92; 26 U.S.C. § 7483. He asserts jurisdiction under 26 U.S.C. § 7482(a)(1). Venue is proper in this court under 26 U.S.C. § 7482(b)(1).

## II.

We begin and end by addressing the threshold question of the Tax Court's jurisdiction.

Although the parties did not raise jurisdiction before the Tax Court, a jurisdictional defect may be considered by this court at any time. *See Li*, 22 F.4th at 1015 (exercising the court's "independent obligation" to "raise and decide jurisdictional questions that the parties either overlook or elect not to press" and determining that the Tax Court lacked jurisdiction to hear Li's petition (cleaned up)). The petitioner "has the burden to establish jurisdiction because he is the party asserting it." *Shands v. Comm'r*, 111 F.4th 1, 7 (D.C. Cir. 2024). If the Tax Court lacks jurisdiction, we have jurisdiction only to review and correct the Tax Court's erroneous assumption of jurisdiction. *Li*, 22 F.4th at 1015; *see also Shands*, 111 F.4th at 7; 26 U.S.C. § 7482(a)(1). Because we conclude that the Tax Court lacked jurisdiction to consider Myers's petition, we vacate the Tax Court's judgment and remand with instructions to dismiss Myers's petition on jurisdictional grounds.

The Tax Court's jurisdiction to review a petition challenging a whistleblower award determination "arises only when the IRS proceeds with any administrative or judicial action" "against any taxpayer" "based on information brought to the [IRS's] attention by the whistleblower." *Shands*, 111 F.4th at 7–8 (cleaned up); *see also* 26 U.S.C. § 7623(b)(1), (b)(5). Section 7623(b)(4) gives the Tax Court jurisdiction to review "[a]ny determination regarding an award"; and we have explained that the WBO makes a "determination" only when the IRS "*proceeds* with any administrative or judicial action" against a taxpayer. *Li*, 22 F.4th at 1017 (emphasis in original) (quoting 26 U.S.C. § 7623(b)(1)).

Here, Myers does not establish or allege that the IRS "proceeded" with any action against a taxpayer based on the information that he provided. In fact, Myers made a contrary allegation in his petition to the Tax Court by asserting that the IRS "never audited" his former employers to verify his information, J.A. 19. Because Myers's petition does not establish or even allege that the information he provided caused the IRS to "proceed[] with an[] administrative or judicial action" against a taxpayer, the Tax Court did not have jurisdiction under § 7623(b)(4) to review the IRS's rejection of his whistleblower application. *Shands*, 111 F.4th at 7 (cleaned up).[1] Accordingly, we lack jurisdiction to review Myers's merits arguments regarding equitable tolling and the constitutionality of the removal protections for Tax Court judges. *See Li*, 22 F.4th at 1015.

Our decision in *Lissack v. Commissioner* is not to the contrary. 125 F.4th 245 (D.C. Cir. 2025). In *Lissack*, we held that the Tax Court had jurisdiction over Lissack's petition even though the IRS concluded that the information he provided did not lead to a collection of proceeds because there was "no dispute" that the IRS "proceed[ed] with" an "administrative action" based on his proffered information. *Id.* at 255. By contrast, Myers does not allege that the IRS "proceeded" with any investigative or administrative action at all.

We deny Myers's request for a remand so that he may obtain jurisdictional discovery. In his reply brief, Myers argues that "there is no suggestion" that his information "did not trigger

---

[1] *Li* had not yet been decided when we heard *Myers I*. Although *Myers I* noted in passing that the IRS's letter to Myers "suffices to constitute a determination for the purpose of § 7623(b)(4)," 928 F.3d at 1032 (cleaned up), we explained in *Li* that *Myers I* did not decide whether the IRS initiated a judicial or administrative "action" based on Myers's information. *See Li*, 22 F.4th at 1018 (observing that the statement in *Myers I* merely responded to Myer's argument that the letter he received was insufficient to provide him notice of an IRS decision, and therefore "[was] not a holding concerning" whether action against a taxpayer is a jurisdictional requirement for review of a whistleblower appeal).

proceedings" and that, "[i]f anything," the WBO's stated reasons for his award denial, "that he was ineligible because his information *did not result in proceeds* (a non-jurisdictional element) implies that proceedings did in fact occur (i.e., a lack of proceedings was *not* the reason)." Reply Br. 5 (emphases in original). But that argument directly contradicts the allegations and relief requested in his petition. There, he said that the IRS had "never audited" his former employers. J.A. 19. Because Myers has made allegations that, taken as true, foreclose our jurisdiction, granting him jurisdictional discovery is unwarranted.

\* \* \*

For the foregoing reasons, Myers has not carried his burden to establish the Tax Court's jurisdiction over his whistleblower claim under 26 U.S.C. § 7623(b)(4). We therefore vacate the Tax Court's judgment and remand with instructions to dismiss Myers's petition for lack of jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

4