# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 5, 2021       Decided January 11, 2022

No. 20-1245

MANDY MOBLEY LI,
APPELLANT

v.

COMMISSIONER OF INTERNAL REVENUE,
APPELLEE

———

On Appeal from a Decision and Order
of the United States Tax Court

———

*Mandy Mobley Li*, pro se, argued the cause and filed the briefs for appellant.

*Matthew S. Johnshoy*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the briefs was *Bruce R. Ellisen*, Attorney.

*Robert Manhas*, appointed by the court, argued the cause as *amicus curiae* to assist the court by addressing this court's jurisdiction. With him on the brief was *Robert M. Loeb*, appointed by the court.

Before: HENDERSON and MILLETT, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Appellant Mandy Mobley Li appeals the United States Tax Court's final decision awarding summary judgment to the IRS Commissioner in her whistleblower case. Specifically, the Tax Court held that the IRS Whistleblower Office ("WBO") did not abuse its discretion in rejecting Li's request for a whistleblower award, since Li provided only vague and speculative information as to purported tax violations. For the reasons explained below, we dismiss this appeal for lack of subject matter jurisdiction and remand to the Tax Court with instructions to do the same.[1]

## I. Background

On December 12, 2018, Li filed a Form 211 with the WBO alleging four tax violations by a third party (the "target taxpayer"). A Form 211 is an application to receive a monetary whistleblower award for supplying the IRS with actionable tax violation information, pursuant to 26 U.S.C. § 7623(b). A WBO classifier reviewed Li's Form 211, as well as the target taxpayer's 2016 and 2017 tax returns, and concluded that Li's allegations were "speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws," making Li ineligible for an award. Therefore, the WBO did not forward Li's form to an

---

[1] The Court appointed Mr. Robert Manhas to assist in addressing the Court's jurisdiction to hear this appeal. The Court extends its appreciation to Mr. Manhas for his excellent amicus brief on the topic.

IRS examiner for any potential action against the target taxpayer. The WBO communicated its decision by letter to Li on February 8, 2019 and informed her that she could appeal to the United States Tax Court if she thought the WBO had erred. Li did so by petition on March 13, 2019. Neither party identified a jurisdictional issue with the Tax Court's review of the case. The Commissioner subsequently filed a motion for summary judgment, which the Tax Court granted. The Tax Court found that the WBO adequately performed its evaluative function in reviewing Li's application and did not abuse its discretion by rejecting it for an award. Li then filed a motion for reconsideration. After the Tax Court denied the motion, Li appealed to this Court.

## II. Analysis

Statutory law gives exclusive jurisdiction over Tax Court decisions to the United States Courts of Appeals, which are required to review Tax Court decisions in the same manner as any district court decision. 26 U.S.C. § 7482(a)(1). However, this Court's jurisdiction is predicated upon the Tax Court having had jurisdiction over the case. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Tax Court lacks jurisdiction, this Court has "jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Id.* (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)). For the reasons set forth below, such is the case presently. The Tax Court lacked jurisdiction to hear Li's appeal from the WBO, leaving this Court with jurisdiction only to cure the defect. Even though the parties did not raise the issue, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."

*Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

### a. *The Whistleblower Statute*

There are three relevant provisions of the whistleblower statute, 26 U.S.C. § 7623.  The first, subsection (a), authorizes the IRS to grant monetary awards to persons helping to "detect[] underpayments of tax, or . . . detect[] and bring[] to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same . . . ."  § 7623(a).  The second, subsection (b)(1), requires the IRS to give awards to whistleblowers "[i]f the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual . . . ."  § 7623(b)(1).  This provision only applies if certain monetary conditions are met ((b)(5)).  The remainder of that portion of the statute provides the parameters for such awards, including a floor and ceiling award amount ((b)(1)), a reduction in award amount for information based on public data ((b)(2)), and a reduction or denial of award amount in which the whistleblower participated in the tax violations ((b)(3)).

The third relevant segment, subsection (b)(4), gives the Tax Court exclusive jurisdiction over an appeal of "[a]ny determination regarding an award under paragraph (1), (2), or (3) . . . ."

When a whistleblower makes a Form 211 filing, the WBO follows several steps.  First, it reviews the Form, and any related information, to determine whether the provided information may lead to the discovery of a tax violation.  If the information is too vague or speculative, the WBO issues a rejection.  *Rogers v. Comm'r*, No. 17985-19W, 2021 WL

3284613, at *5 (T.C. Aug. 2, 2021). "[A] rejection is appropriate when a whistleblower's claim fails to comply with the threshold requirements as to who may submit a claim or what information the claim must include." *Id.*; *see also* 26 C.F.R. § 301.7623-3(c)(7) (defining "rejection"). If the whistleblower's information signals a potential tax violation, the IRS may initiate a proceeding against the target taxpayer. If the proceeding then yields payments to the IRS, the whistleblower receives an award, subject to 26 U.S.C. § 7623(b)(1)-(3). Any appeal of an award determination under subsections (b)(1)-(3) is then directed to the Tax Court. § 7623(b)(4).

As we noted earlier, we have the continuing duty to examine our jurisdiction, regardless of whether the parties raise the issue. The jurisdictional issue in this case asks whether § 7623(b)(4) gives the Tax Court jurisdiction over the threshold first step, the initial rejection of a whistleblower award before the WBO makes an award determination under subsections (b)(1)-(3). This issue is not one of first impression for the court below. In *Cooper v. Comm'r*, the Tax Court held that an initial rejection of a whistleblower award is in fact an award determination under subsection (b)(4), rejecting the argument that "there can be a determination for jurisdictional purposes only if the Whistleblower Office undertakes an administrative or judicial action and thereafter 'determines' to make an award." 135 T.C. 70, 75 (2010). Instead, the Tax Court held that it had jurisdiction even over threshold rejections of whistleblower awards, interpreting the statute to "expressly permit[] an individual to seek judicial review in this Court of the amount or *denial of an award determination*." *Id.* (emphasis added).

This position was echoed in the Tax Court's decision in *Lacey v. Comm'r*, 153 T.C. 146 (2019), where the Tax Court

found jurisdiction on the grounds that "a denial or rejection is a (negative) 'determination regarding an award', so the Tax Court has jurisdiction where, pursuant to the WBO's determination, the individual does <u>not</u> receive an award." *Lacey*, 153 T.C. at 163 n.19 (emphasis in original) (citing in accompanying text *Cooper*, 135 T.C. 70); *see also id.* at 150 n.5 (citing *Cooper*, 135 T.C. at 75–76).

In the case at bar, the Tax Court relied on its precedent in *Cooper* and *Lacey* to find jurisdiction over Li's WBO appeal. Neither party identified a problem with the Tax Court's jurisdiction. However, as we noted above, we have the continuing duty to examine our own jurisdiction.

> b. *Lack of Jurisdiction under 26 U.S.C. § 7623(b)(4)*

After review, we conclude that *Cooper* and *Lacey* were wrongly decided. The Tax Court lacks jurisdiction to hear appeals from threshold rejections of whistleblower award requests.

Subsection (b)(4) of § 7623 gives the Tax Court exclusive jurisdiction over only a "determination regarding an award" under subsections (b)(1)-(3). The *Cooper* and *Lacey* Courts held that a threshold rejection of a whistleblower award request constituted such an award determination because the rejection of an award was a so-called "negative" award determination. *Lacey*, 153 T.C. 163 n.19 (citing in accompanying text *Cooper*, 135 T.C. 70); *see also id*. at 150 n.5 ("[A] 'rejection' is also a 'determination' . . . ."). We disagree. A threshold rejection of a whistleblower's Form 211 for vague and speculative information is not a negative award determination, as there is no determination as to an award under subsections (b)(1)-(3) whatsoever. Per subsection (b)(1),

an award determination by the IRS arises only when the IRS "*proceeds* with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by [the whistleblower] . . . ." 26 U.S.C. § 7623(b)(1) (emphasis added). A threshold rejection of a Form 211 by nature means the IRS is not *proceeding* with an action against the target taxpayer. *See Cline v. Comm'r*, 119 T.C.M. (CCH) 1199, 2020 WL 1249454, at *5 (T.C. 2020). Therefore, there is no award determination, negative or otherwise, and no jurisdiction for the Tax Court.[2]

In this case, the WBO rejected Li's Form 211 for providing vague and speculative information it could not corroborate, even after examining supplemental material Li herself did not provide. The WBO did not forward Li's Form 211 to an IRS examiner for further action, and the IRS did not take any action against the target taxpayer. There was no proceeding and thus no "award determination" by the IRS for Li's whistleblower information. Therefore, the Tax Court had no jurisdiction to review the WBO's threshold rejection of Li's Form 211.

This Court regrets that Li was informed otherwise by letter to her from the WBO. However, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

---

[2] Li does not argue on appeal that the IRS, in fact, did proceed against the target taxpayer based on information in her Form 211 application. So we need not and do not decide whether the Tax Court would have jurisdiction to hear a whistleblower's claim in a case in which the IRS wrongly denied a Form 211 application but nevertheless proceeded against a target taxpayer based on the provided information.

Finally, the parties have called our attention to our decision in *Myers v. Comm'r* which contains the statement that "'written notice informing a claimant that the IRS has considered information that he submitted and has decided whether the information qualifies the claimant for an award' suffices to constitute a 'determination' for the purpose of § 7623(b)(4)." 928 F.3d 1025, 1032 (D.C. Cir. 2019). Upon review, we conclude that this statement is not a holding concerning the issue in the present case. This statement was responding to petitioner's argument that the WBO denial letter in his case did not contain enough information to qualify as a "determination" under the statute. *Id*. We subsequently declined to "craft requirements out of whole cloth" regarding what information a WBO denial letter must contain. *Id*. at 1033. By contrast, the question in this case asks whether § 7623(b)(4) confers jurisdiction only when there is both an IRS action based on whistleblower information *and* proceeds collected from that action. As this issue was not squarely before us in *Myers*, the above statement from *Myers* does not bind our decision today.

### III. Conclusion

For the reasons set forth above, we dismiss this appeal for lack of subject matter jurisdiction under 26 U.S.C. § 7623(b)(4). We remand to the Tax Court with instructions to do the same.

*So ordered*.