# United States Tax Court

T.C. Memo. 2022-47

TIMOTHY J. LEWIS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 10007-20W.                                    Filed May 9, 2022.

————

*Thomas C. Pliske*, for petitioner.

*Jessica R. Nolen*, for respondent.

## MEMORANDUM OPINION

GREAVES, *Judge*: This whistleblower case under section 7623(b)[1] is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction (Motion). For the reasons set forth below, we agree with respondent and will grant the Motion.

### Background

The following facts are undisputed and drawn from the parties' motion papers and attached exhibits, unless otherwise stated.

In 2011 petitioner submitted Form 211, Application for Award for Original Information, to respondent's Whistleblower Office (WBO) alleging underpayments in income tax by a closely held corporation

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, and all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

[*2] (2011 claims).  In response to the 2011 claims, the WBO sent a letter to petitioner on June 9, 2017 (final determination letter), stating that the WBO had determined that petitioner was entitled to a "mandatory" whistleblower award under section 7623(b).[2]  The letter specified the total amount of the award[3] and stated that, in accordance with the Budget Control Act of 2011, Pub. L. No. 112-25, §§ 101–103, 125 Stat. 240, 241–46, as amended by the American Taxpayer Relief Act of 2012, Pub. L. No. 112-240, § 901, 126 Stat. 2313, 2370, the award would automatically be reduced by a certain percentage as determined annually by the Office of Management and Budget for the year in which the WBO ultimately paid the award (sequestration reduction).

Petitioner appealed the final determination letter to this Court and argued, among other things, that it was inappropriate for the WBO to apply the sequestration reduction to his award.  *See Lewis v. Commissioner* (*Lewis I*), 154 T.C. 124, 138–41 (2020).  We upheld the sequestration reduction on the basis of the applicable reduction percentage "in effect for the fiscal year that the award is [ultimately] paid."  *Id.* at 141.  In accordance with our decision, the WBO issued petitioner a whistleblower award check on August 7, 2020 (award check), which included a sequestration reduction using the applicable percentage in effect at the time of the payment.[4]

Petitioner thereafter filed the Petition that forms the basis of this case with this Court challenging the appropriateness of the sequestration reduction.  Petitioner argues that the award check constitutes a section 7623(b)(4) "determination" that confers jurisdiction on this Court.  Respondent disagrees and subsequently filed the Motion before us, asking this Court to dismiss petitioner's Petition on the ground that this Court lacks jurisdiction.

---

[2] The final determination letter incorrectly designated the award as discretionary under section 7623(a), but the parties agreed that the incorrect designation was harmless.

[3] The final determination letter also notified petitioner that the total award amount was subject to a specified increased amount based on "[a]dditional amounts, such as tax attributes, that may be collected post-decision based on the information provided by" petitioner (postdecision proceeds).

[4] The award check included the postdecision proceeds as specified in the final determination letter.

3

**[\*3]**                                                    *Discussion*

We are a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We are without authority to enlarge upon that statutory grant. *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021). We nevertheless have jurisdiction to determine whether we have jurisdiction. *Id.*

Section 7623(b)(1) authorizes the Commissioner to pay mandatory whistleblower awards if certain requirements are met. Section 7623(b)(4) in turn provides that "[a]ny determination regarding an award under [section 7623(b)(1), (2), or (3)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." *See also Kasper v. Commissioner*, 150 T.C. 8, 21–23 (2018) (adopting an abuse of discretion standard of review for whistleblower award determinations). Thus, the jurisdiction of this Court is dependent upon a finding that a "determination" has been made by the Commissioner. *McCrory*, 156 T.C. at 94. Unlike most other sections of the Code that confer jurisdiction on this Court, "[s]ection 7623 does not clearly define what constitutes a 'determination' or require that the whistleblower be issued any particular form of notice." *Id.* We have previously held that for a determination to be appealable to this Court it must at a minimum communicate a "final administrative decision" regarding the whistleblower's claim in accordance with the Commissioner's established award determination procedures. *Id.* at 97; *cf. Li v. Commissioner*, 22 F.4th 1014, 1017 (D.C. Cir. 2022) ("The Tax Court lacks jurisdiction to hear appeals from threshold rejections of whistleblower award requests.").

Petitioner received a final determination letter with respect to the 2011 claims, which included a notification that his award would be subject to the sequestration reduction rate in effect at the time of the award payment. Petitioner then appealed that determination before this Court in *Lewis I* under section 7623(b)(4) and expressly raised the sequestration reduction issue as part of that action. We decided in *Lewis I* that we had jurisdiction to hear the sequestration reduction issue with respect to the 2011 claims as the final determination letter constituted an appealable determination within the meaning of section 7623(b)(4). *Lewis I*, 154 T.C. at 138. We addressed in *Lewis I* whether it was an abuse of discretion for the WBO to apply the sequestration

**[*4]** reduction against petitioner's award, and we held that it was not. *Id.* at 138–41. Neither party denies that the Court had jurisdiction to render that holding as part of the decision in *Lewis I*. Thus, we must determine whether there is a new basis for jurisdiction under section 7623(b)(4) with respect to the 2011 claims, i.e., whether the WBO issued another "final administrative decision" after the final determination letter.

There may be instances in which it is appropriate for the Commissioner to issue more than one final determination with respect to the same claim. *See, e.g.*, *Whistleblower 769-16W v. Commissioner*, 152 T.C. 172, 182 (2019) (remanding the case to the WBO for further consideration and a supplemental determination); Treas. Reg. § 301.7623-4(d)(2) (providing that the WBO can reject a claim and then issue an entirely separate determination rejecting, denying, or issuing an award on the same claim based on a separate and subsequent consideration). Petitioner contends that his case presents a situation of multiple final determinations. He relies on a footnote in *Lewis I* where we noted that the "[i]ssuance of an award check is a determination appealable to this Court." *Lewis I*, 154 T.C. at 138 n.10 (citing *Whistleblower 4496-15W v. Commissioner*, 148 T.C. 425, 430 (2017)). Petitioner's interpretation of the footnote is misplaced, however, as it cannot be properly construed without consideration of its supporting citation.

In *Whistleblower 4496-15W*, 148 T.C. at 432, we found that a whistleblower's award check constituted an appealable determination within the meaning of section 7623(b)(4) where the WBO did not issue a final determination letter confirming the amount of the whistleblower's award. The only "final decision" the whistleblower received in that case concerning his award amount was the award check itself. *See id.* at 426–29. Under those conditions, we found that the award check embodied the equivalent of a final determination letter notifying the whistleblower of its "final administrative decision" regarding his award, i.e., an appealable determination under section 7623(b)(4). *Id.* at 432. Unlike the whistleblower in *Whistleblower 4496-15W*, petitioner received a final determination letter with respect to his 2011 claims specifying the amount he would be entitled to receive as an award, including the WBO's final decision as to the application of the sequestration reduction against that amount, which provided him an "avenue for securing judicial review" of that final decision and which he exercised. *Cf. id.* at 434. Thus, we recognize that an award check *can*

**[*5]** be an appealable determination in certain circumstances, but this is not one of those instances.

The WBO issued petitioner the award check for the 2011 claims pursuant to the terms of the final determination letter, which we upheld in *Lewis I.* Accordingly, we do not find that petitioner received a separate "final determination" that would provide this Court with jurisdiction under section 7623(b)(4) to review the award check.

To reflect the foregoing,

*An appropriate order of dismissal for lack of jurisdiction will be entered.*