NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**JAMES W. TINDALL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2023-1139

———————————

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02200-MBH, Senior Judge Marian Blank Horn.

———————————

Decided:  April 11, 2023

———————————

JAMES TINDALL, Marietta, GA, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

———————————

Before DYK, MAYER, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

James W. Tindall appeals a decision of the United States Court of Federal Claims ("Claims Court") dismissing his case for lack of jurisdiction. Because the Claims Court wrongly decided that lack of ripeness deprived it of jurisdiction, and failed to assess whether it lacked jurisdiction by virtue of 28 U.S.C. § 1500, we *vacate in part and remand.* We *affirm* the Claims Court's denial of Mr. Tindall's motion for sanctions.

## BACKGROUND

### I

Congress has long given the Department of the Treasury authority to pay whistleblowers for their help in detecting violations of federal tax law. *See* An Act to Amend Existing Laws Relating to Internal Revenue, and For Other Purposes, ch. 169, § 7, 14 Stat. 471, 473 (1867). This case concerns a claim for such an award.

The appellant has asserted two separate actions for recovery in two separate courts. The claim appealed here was filed in the Claims Court and is based on what is now 26 U.S.C. § 7623(a). Under that subsection, the Treasury has the power, which it has delegated to the Internal Revenue Service ("IRS"), "to pay such sums as [it] deems necessary for—(1) detecting underpayments of tax, or (2) detecting and bringing to trial . . . persons guilty of violating the internal revenue laws or conniving at the same." § 7623(a); *see also Merrick v. United States*, 846 F.2d 725, 726 (Fed. Cir. 1988). These bounties are to "be paid from the proceeds of amounts collected by reason of the information provided." § 7623(a). While awards under § 7623(a) are discretionary in the first instance, the Claims Court has jurisdiction under the Tucker Act for award contracts created under this provision. *See Merrick*, 846 F.2d at 726 ("An enforceable contract will arise . . . after the informant and the government negotiate and fix a specific

amount as the reward."); 28 U.S.C. § 1491(a)(1).  Mr. Tindall's Claims Court case arises, at least in part, under this provision.

Mr. Tindall has also asserted a claim under 26 U.S.C. § 7623(b).  In 2006, Congress created a new mandatory whistleblower award program, codified at § 7623(b).  *See* Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, § 406, 120 Stat. 2922, 2958–60.  Subsection (b) "requires the IRS to give awards to whistleblowers" if certain conditions are met.  *Li v. Comm'r of Internal Revenue*, 22 F.4th 1014, 1016 (D.C. Cir. 2022); *see* 26 U.S.C. § 7623(b).  Congress specified that the mandatory program "shall apply to information provided on or after the date of the enactment of this Act."  § 406(d), 120 Stat. at 2960.

The Tax Court has exclusive jurisdiction over appeals regarding "any determination regarding an award under [§ 7623(b)(1)–(3)]."  § 7623(b)(4); *see Meidinger v. United States*, 989 F.3d 1353, 1358 (Fed. Cir. 2021); *Li*, 22 F.4th at 1016.  Mr. Tindall's Tax Court claim assertedly arose under § 7623(b).

## II

In 2004 and 2005, before the enactment of § 7623(b), Mr. Tindall informed the IRS, using Form 211, Application for Award of Original Information, about several persons he alleged were evading federal tax law.  In 2015, Mr. Tindall submitted two more whistleblower reports to the agency, which he alleges concerned an unrelated taxpayer.

In January 2019, the IRS, having recovered taxes as a result of Mr. Tindall's information, sent Mr. Tindall a preliminary award letter under § 7623(a), that is, the IRS's discretionary authority to issue bounties.  The agency said that it had collected $6.9 million in proceeds based on information Mr. Tindall had provided in 2004.  It offered Mr. Tindall an award of $650,910.34:  a 10% share of the collected returns, $693,934.26, reduced by 6.2% because of

budgetary sequestration the agency said was required by the Budget Control Act of 2011 and later legislation. The agency included a form for Mr. Tindall to indicate whether he agreed with or contested the recommendation.

Mr. Tindall did not accept the recommended award. He argued, *inter alia*, that sequestration did not apply to § 7623(a) awards and that the IRS guidelines suggested he should receive a higher share of the proceeds collected. In March 2019, after noting that it had considered Mr. Tindall's comments, the IRS finalized its award recommendation at $650,910.34.

In April 2019, Mr. Tindall sought review of the IRS's determination in Tax Court. He argued that his disclosures in 2015 should have been analyzed under § 7623(b) and earned mandatory payments in excess of the amount offered by the IRS. During the pendency of this suit the IRS withheld the award pursuant to its regulations, which provide that the IRS will not pay awards until "all appeals of the" award determination "are final or the whistleblower has executed an award consent form." 26 C.F.R. § 301.7623-4(d).

Two years later, in November 2021, Mr. Tindall sued the United States in the Claims Court under the Tucker Act, seeking the full $693,934.26. He argued that the IRS was unlawfully withholding his award under § 7623(a), which he calculated without the sequestration deduction, and asserted that the United States had violated his due process rights and engaged in unlawful taking. He later elaborated that he was also asserting a contract claim. After the government filed a motion to dismiss the suit, Mr. Tindall filed a motion for sanctions.

In October 2022, the Claims Court dismissed the suit for lack of subject matter jurisdiction. It concluded that (1) the suit was unripe because the concurrent Tax Court case had not been terminated, and Mr. Tindall had not accepted the recommended award, (2) Mr. Tindall had not conceded

the validity of the government's actions, a necessary element in a takings claim, and (3) the Claims Court lacked jurisdiction to consider due process claims. The court denied Mr. Tindall's motion for sanctions.

In December 2022, the Tax Court dismissed Mr. Tindall's action under § 7623(b). It held that it lacked jurisdiction to consider the case because (1) Mr. Tindall's disclosures submitted to the IRS in 2015 consisted of the same information he had provided before the existence of § 7623(b), and (2) the IRS had not "commence[d] judicial or administrative proceedings in response to the [2015] claim," a necessary prerequisite for Tax Court jurisdiction. Gov't's Supplemental Appendix ("S.A.") 71–72; *see also Li*, 22 F.4th at 1017. It reached this latter holding because, while the government had commenced proceedings which resulted in the taxpayer collections at issue, those proceedings were only based on the pre-2006 information—to which § 7623(b) does not apply—not the information Mr. Tindall provided in 2015.

Mr. Tindall appeals the decision of the Claims Court. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review decisions of the Claims Court dismissing a case for lack of jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012).

## DISCUSSION

Mr. Tindall argues that the Claims Court erred in dismissing his case for want of jurisdiction. On the merits, he also contends that the Claims Court should have granted him relief because the United States violated the contract in which it agreed to award him $693,934.26. In Mr. Tindall's view, under Federal Circuit precedent an IRS final whistleblower award letter constitutes a binding

agreement.  *See* Inf. Opening Br. 23–26.[1]  Mr. Tindall also argues that the alleged contract amount ($693,934.26) should not have been reduced pursuant to budget sequestration provisions.  Finally, he asserts takings and exaction claims, and seeks vacatur of the Claims Court's denial of his motions for sanctions.

We agree that in the circumstances of this case the court erred in holding that the purported lack of ripeness was a jurisdictional bar.  The ripeness issue as to the Tax Court case here is not concerned with whether there is an Article III case or controversy, but whether it would conserve judicial resources to postpone adjudication.  *See* S.A. 16 (Claims Court explaining that the ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies . . ." (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967)); *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (distinguishing purely "prudential" ripeness analysis from "Article III limitations on judicial power" (citation omitted)).[2]  But we do not reach Mr. Tindall's contract claim, or the Claims Court's other merits holdings, because

---

[1]    *See also Cambridge v. United States*, 558 F.3d 1331, 1336 (Fed. Cir. 2009) (explaining that, with IRS Publication 733, which gave guidance on the pre-2006 whistleblower bounty system, "the Government invites offers for a reward; the informant makes an offer by his conduct; and the Government accepts the offer by agreeing to pay a specific sum." (citation and emphasis omitted)); *Krug v. United States*, 168 F.3d 1307, 1309–10 (Fed. Cir. 1999); *Merrick*, 846 F.2d 726.

[2]    The suggestion that Mr. Tindall's claim is not ripe because he has not accepted the IRS's award offer is without merit.  Mr. Tindall need not surrender his claim in order to pursue it.

the court failed to address a different, colorable argument that it lacked jurisdiction over the suit. As the government suggests in its response brief, that provision must be addressed before the Claims Court or we can address the merits. *See* Gov't Inf. Br. 9–11.

Section 1500 of Title 28 provides that the Claims Court "shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." The court lacks jurisdiction "where an earlier-filed suit is 'based on substantially the same operative facts' as the Claims Court suit, 'regardless of the relief sought in each suit.'" *Acetris Health, LLC v. United States*, 949 F.3d 719, 728–29 (Fed. Cir. 2020) (quoting *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011)). We determine whether the earlier-filed suit is "based on substantially the same operative facts" as the Claims Court case by assessing if the latter suit "would have been barred by res judicata if it had been brought in district court" under the res judicata principles in force when the predecessor to § 1500 was enacted. *Id.* at 729 (citation omitted).

Under that standard, if the two suits arise "out of one and the same act or contract," or "the same evidence support[s] and establish[es] both the present and the former cause of action," the Claims Court suit cannot proceed. *Tohono*, 563 U.S. at 316 (citations omitted). In addition, we have held that the res judicata standard would not be satisfied where the earlier suit was filed in a tribunal that "had no colorable authority" to address it. *Acetris*, 949 F.3d at 729 & n.4.

Applying § 1500 here is complex, and we decline to address it in the first instance. It is true that Mr. Tindall's suit in Tax Court, based on § 7623(b), was pending when he filed in Claims Court as to his § 7623(a) award. But even assuming the suits were based on the same "act or contract"—the IRS's final award letter—it is not clear that

the Tax Court had colorable jurisdiction to review Mr. Tindall's filing. That court found that it lacked jurisdiction on two independent grounds. *See* S.A. 70–74. And if the Tax Court lacked colorable authority to consider Mr. Tindall's appeal, his earlier filing there would "not have preclusive effect under [§] 1500," and so § 1500 would not be a bar. *Acetris*, 949 F.3d at 729. We leave this question for the Claims Court to decide on remand.

We note that there is a substantial difference between ripeness and § 1500. If § 1500 applies, final resolution of the Tax Court case would not vest the Claims Court with jurisdiction if the former suit were still pending when the Claims Court case was filed. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). If the Tax Court case is final and § 1500 applies, Mr. Tindall may file a new suit in the Claims Court within the six-year statute of limitations if he wishes to pursue his claims. *See* 28 U.S.C. § 2501.

We see no merit to Mr. Tindall's motion for sanctions, and affirm the Claims Court's denial of sanctions.

For the foregoing reasons, the judgment of the Claims Court is

## AFFIRMED IN PART, VACATED IN PART, AND REMANDED

### COSTS

No costs.