# United States Tax Court

T.C. Memo. 2023-51

SUZANNE JEAN McCRORY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 15367-20W.                    Filed April 20, 2023.

————————

Suzanne Jean McCrory, pro se.

*Alex Shlivko* and *Rachel L. Schiffman*, for respondent.


## MEMORANDUM OPINION

LAUBER, *Judge*: In this whistleblower award case, the Internal Revenue Service (IRS or respondent) has filed a Motion to Dismiss for Lack of Jurisdiction. Respondent contends that the IRS Whistleblower Office (WBO) did not "proceed[] with any administrative or judicial action" based on petitioner's information, *see* § 7623(b)(1), and hence that dismissal is required under *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022).[1] Agreeing with respondent, we will grant his Motion.

### *Background*

The following facts are derived from the parties' pleadings and Motion papers, including the Declarations and Exhibits attached thereto. In April 2020 petitioner filed with the WBO claims for award on Form 211, Application for Award for Original Information. These

—————————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

[*2] claims relate to tort judgments paid by tobacco companies to taxpayers (Target 1 and Target 2). Petitioner alleges that Targets failed to report as taxable income the portions of these judgments attributable to punitive damages, as well as post-judgment interest. Petitioner represents that she gathered information from public records, including the tobacco companies' financial statements, concerning the identity of Targets and the payments allegedly made to them. By her own count petitioner has submitted approximately 60 Forms 211 relating to similar tort judgments.

In July 2020 the WBO acknowledged receipt of petitioner's claims and sent them to a "classifier" in the Small Business/Self-Employed operating division. The role of a classifier is to "determine whether the information should be forwarded for further review. Those claims not forwarded for further review can be rejected or denied based on [the classifier's] rationale for not forwarding the claim." *Internal Revenue Manual* (IRM) 25.2.1.3.1(1) (May 28, 2020) (explaining the "roles and responsibility of classification").

The classifier recommended that petitioner's claims be rejected. This recommendation was set forth in an Award Recommendation Memorandum completed in October 2020. The classifier summarized petitioner's allegations as follows: "[Target 1 and Target 2] received post-judgment interest on unreported taxable income" and "should have paid taxes of $[]million . . . on the 2019 tax year." The classifier's recommendation in each case was to "Reject the Claim: Allegations are not specific, credible, or are speculative." As to Target 1, "[r]eview of [IRS databases] appear[ed] to show all income [was] reported" on information returns for tax years 2019 and 2018. As to Target 2, the classifier found that tax may not have been paid on a "small portion of interest for the 2019 tax year," but that this amount was de minimis and "would be below tolerance to pursue." Petitioner's claims as to both Targets were thus "[r]ecommended for rejection by classification."

The WBO agreed with the classifier's recommendations, and petitioner's claims were not forwarded to any IRS examination team for further review. On October 27, 2020, the WBO issued petitioner a Final Decision letter rejecting her claims. This letter explained that both claims "ha[d] been rejected because the IRS decided not to pursue the information you provided." On November 25, 2020, petitioner timely petitioned this Court for review of the IRS's decision.

[*3]                         *Discussion*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We are without authority to enlarge upon that statutory grant. *See Phillips Petroleum Co. & Affiliated Subs. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to decide whether we have jurisdiction. *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021).

Section 7623(b)(4) defines our jurisdiction in whistleblower award cases. *Shands v. Commissioner*, No. 13499-16W, 160 T.C., slip op. at 7 (Mar. 8, 2023). It provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) [of subsection (b)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." By its terms, the statute gives us jurisdiction only over "determination[s]" made under section 7623(b), which authorizes the IRS to make nondiscretionary awards.

Absent stipulation to the contrary, appeal of whistleblower award cases lies to the U.S. Court of Appeals for the D.C. Circuit. *See* § 7482(b)(1) (penultimate sentence); *Kasper v. Commissioner*, 150 T.C. 8, 11 n.1 (2018). In *Li v. Commissioner*, 22 F.4th 1014, the D.C. Circuit delineated this Court's jurisdiction to review cases (like this one) where the IRS has issued a threshold rejection of a whistleblower's claim. In *Li*, the WBO rejected a whistleblower's claim on the ground that the information she submitted was "vague and speculative." *Id.* at 1017. The WBO did not forward the claim to an IRS examination team for further review, and no action was taken against the target taxpayer. *Ibid.*

The D.C. Circuit held that the Tax Court lacked jurisdiction in these circumstances because the IRS had made no "award determination" within the meaning of section 7623(b). *Li v. Commissioner*, 22 F.4th at 1017. As the court explained, "an award determination by the IRS [under section 7623(b)] arises only when the IRS '*proceeds* with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by [the whistleblower].'" *Li v. Commissioner*, 22 F.4th at 1017 (quoting § 7623(b)(1)). Because "there was no proceeding . . . , the Tax Court had no jurisdiction to review the WBO's threshold rejection of [the claimant's] Form 211." *Ibid.*

**[\*4]** This case is on all fours with *Li*.  An IRS classifier recommended that petitioner's claims be rejected because her "allegations are not specific, credible, or are speculative."  After consulting IRS databases, the classifier found that Target 1 had no unpaid tax for 2019.  Recognizing that Target 2 may not have paid tax on a "small portion of interest for the 2019 tax year," the classifier found that this amount was trivial and "would be below tolerance to pursue."  Accepting the classifier's recommendations, the WBO decided not to forward the information to an IRS examination team, and no action was taken against Target 1 or Target 2 on the basis of information that petitioner submitted.  Because the IRS did not "proceed[] with any administrative or judicial action," the D.C. Circuit's decision in *Li* dictates that we grant respondent's Motion to Dismiss for Lack of Jurisdiction.

Petitioner contends that dismissal of this case would be "premature" because the IRS allegedly still has under consideration claims she submitted in July 2018 about other taxpayers that she says are "similarly situated" to Target 1 and Target 2.  In essence, petitioner asserts that the IRS has acted in an "arbitrary and capricious" manner by treating her similar claims differently.

This argument is irrelevant in assessing our jurisdiction under *Li*.  Whatever action the IRS takes (or does not take) on petitioner's other claims, it is undisputed that the WBO rejected at the threshold the two claims involved here, did not forward those claims to any examination team, and did not "proceed[] with any administrative or judicial action" on the basis of information petitioner supplied about Target 1 and Target 2.  We could consider her "arbitrary and capricious" argument on the merits only if we had jurisdiction over this case to begin with.  We lack such jurisdiction under *Li*.

To implement the foregoing,

*An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.*