# United States Tax Court

T.C. Memo. 2023-79

JOSHUA ELIAS RAFFAELLI,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11004-20W.             Filed June 22, 2023.

————

Joshua Elias Raffaelli, pro se.

*Brandon M. Chavez*, *Michael Skeen*, and *Lesley A. Hale*, for respondent.


MEMORANDUM OPINION

LAUBER, *Judge*:  In this whistleblower award case, the Internal Revenue Service (IRS or respondent) has filed a Motion to Dismiss for Lack of Jurisdiction.  Respondent contends that the IRS Whistleblower Office (WBO) did not "proceed[] with any administrative or judicial action" based on petitioner's information, *see* § 7623(b)(1), and hence that dismissal is required under *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022).[1]  Agreeing with respondent, we will grant his Motion.

*Background*

The following facts are derived from the parties' pleadings and respondent's Motion, including the Exhibits attached thereto.  These Exhibits include the relevant portions of the administrative record underlying this case.  In April 2020 petitioner filed with the WBO Form 211,

—————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

[*2] Application for Award for Original Information. This claim relates to an alleged gift of $350,000 from a taxpayer (Target) to her daughter to enable the latter to purchase a home. Petitioner alleges that Target failed to report the supposed gift to the IRS. Petitioner represents that he gathered this information from documents and testimony that emerged during his civil litigation against Target's daughter.

In November 2019 the WBO acknowledged receipt of petitioner's claim and sent it to a "classifier" in the Estate and Gift Tax Operating Division. The role of a classifier is to "determine whether the information should be forwarded for further review. Those claims not forwarded for further review can be rejected or denied based on [the classifier's] rationale for not forwarding the claim." *Internal Revenue Manual* 25.2.1.3.1(1) (May 28, 2020) (explaining the "roles and responsibility of classification").

The classifier recommended that petitioner's claim be rejected. This recommendation was set forth in an Award Recommendation Memorandum completed in May 2020. Acknowledging that Target did not file a gift tax return reporting a $350,000 gift, the classifier recommended that petitioner's claim be rejected because his "allegations do not describe amount[s] owed by [Target] . . . greater than or equal to $2,000,000." *See* § 7623(b)(5)(B) (authorizing nondiscretionary awards only "if the proceeds in dispute exceed $2,000,000").

The classifier also recommended rejection because "[n]o credible information has been provided to support that a gift was made by [Target]." As the classifier explained:

> A review of the Form 211 indicated that what mostly likely transpired was that [Target] made a loan to her daughter so that she could make a down payment on the home. The Form 211 documents and [petitioner's] own assertions indicate that there was a great probability that [Target] had loaned, not gifted, the $350,000 amount to her daughter. There were no documents provided such as bank statements or a gift letter that would evidence a gift had been made . . . .

The classifier recommended that the claim be rejected as "based solely on [petitioner's] speculation and conjecture." The WBO agreed with this recommendation, and petitioner's claim was not forwarded to any IRS examination team for further review. On June 8, 2020, the

[*3] WBO issued petitioner a Final Decision letter rejecting his claim. This letter explained that the claim "ha[d] been rejected because the IRS decided not to pursue the information [petitioner] provided."

Petitioner timely sought review of the IRS's decision. On March 28, 2023, respondent filed a Motion to Dismiss for Lack of Jurisdiction. We directed petitioner to respond to the Motion by April 27, 2023. He filed no response by that date or subsequently.

*Discussion*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We are without authority to enlarge upon that statutory grant. *See Phillips Petroleum Co. & Affiliated Subs. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to decide whether we have jurisdiction. *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021).

Section 7623(b)(4) defines our jurisdiction in whistleblower award cases. *Shands v. Commissioner*, No. 13499-16W, 160 T.C., slip op. at 7 (Mar. 8, 2023). It provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) [of subsection (b)] may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." By its terms, the statute gives us jurisdiction only over "determination[s]" made under section 7623(b), which authorizes the IRS to make nondiscretionary awards.

Absent stipulation to the contrary, appeal of whistleblower award cases lies to the U.S. Court of Appeals for the D.C. Circuit. *See* § 7482(b)(1) (penultimate sentence); *Kasper v. Commissioner*, 150 T.C. 8, 11 n.1 (2018). In *Li v. Commissioner*, 22 F.4th 1014, the D.C. Circuit delineated this Court's jurisdiction to review cases (like this one) where the IRS has issued a threshold rejection of a whistleblower's claim. In *Li*, the WBO rejected a whistleblower's claim on the ground that the information she submitted was "vague and speculative." *Id.* at 1017. The WBO did not forward the claim to an IRS examination team for further review, and no action was taken against the target taxpayer.

The D.C. Circuit held that the Tax Court lacked jurisdiction in these circumstances because the IRS had made no "award determination" within the meaning of section 7623(b). *Li v. Commissioner*,

**[\*4]** 22 F.4th at 1017. As the court explained, "an award determination by the IRS [under section 7623(b)] arises only when the IRS '*proceeds* with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by [the whistleblower].'" *Id.* (quoting § 7623(b)(1)). Because "[t]here was no proceeding . . . , the Tax Court had no jurisdiction to review the WBO's threshold rejection of [the claimant's] Form 211." *Ibid.*

This case is on all fours with *Li*. An IRS classifier recommended that petitioner's claim be rejected because "[n]o credible information [was] provided to support that a gift was made." In any event, petitioner's allegations did not "describe amount[s] owed by [Target] . . . greater than or equal to $2,000,000," the threshold that must be met in order for petitioner to qualify for a mandatory award. *See* § 7623(b)(5)(B). Accepting the classifier's recommendations, the WBO decided not to forward the information to an IRS examination team, and no action was taken against Target on the basis of information that petitioner supplied. Because the IRS did not "proceed[] with any administrative or judicial action," the D.C. Circuit's decision in *Li* dictates that we grant respondent's Motion to Dismiss for Lack of Jurisdiction.

To implement the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*