# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1098**                    **September Term, 2025**

**USTC-13967-19W**

**Filed On:** November 12, 2025

Atm Shafiqul Khalid, I,

      Appellant

    v.

Commissioner of Internal Revenue,

      Appellee

**ON APPEAL FROM THE UNITED STATES TAX COURT**

**BEFORE:**    Katsas, Walker, and Childs, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motions to govern further proceedings, it is

**ORDERED AND ADJUDGED** that the Tax Court's January 11, 2023 order be affirmed. The Tax Court correctly concluded that it lacked jurisdiction under 26 U.S.C. § 7623(b) because the Internal Revenue Service ("IRS") did not commence an administrative or judicial action against the taxpayers identified in appellant's whistleblower claim. See Kennedy v. Comm'r of Internal Revenue, 142 F.4th 769, 776–82 (D.C. Cir. 2025); Li v. Comm'r of Internal Revenue, 22 F.4th 1014, 1017 (D.C. Cir. 2022). And contrary to appellant's assertion, 26 U.S.C. § 7442 does not provide the Tax Court an independent grant of jurisdiction to review IRS determinations regarding whether a violation of the tax code has occurred. See Kennedy, 142 F.4th at 780 (observing that "the 'Tax Court is a court of limited jurisdiction' that may exercise only the jurisdiction expressly conferred on it by the Congress" (quoting Comm'r v. McCoy, 484 U.S. 3, 7 (1987) (per curiam))).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**