# United States Tax Court

T.C. Memo. 2026-31

WILLIAM PRATT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 27438-21W.                             Filed April 6, 2026.

_____

William Pratt, pro se.

*Amanda K. Bartmann*, *Allison R. Martinez*, and *Stephen C. Welker*, for respondent.

## MEMORANDUM OPINION

LANDY, *Judge*: This whistleblower case under section 7623(b)(4)[1] is before the Court on the Commissioner's Motion to Dismiss for Lack of Jurisdiction (Motion), filed August 18, 2025. Relying on *Kennedy v. Commissioner*, 142 F.4th 769 (D.C. Cir. 2025), *aff'g* T.C. Memo. 2021-3, we agree with the Commissioner, and we will grant his Motion.

## *Background*

On July 3, 2021, petitioner, William Pratt, submitted Form 211, Application for Award for Original Information, to the Internal Revenue Service (IRS) Whistleblower Office (WBO). Mr. Pratt alleged that the target taxpayer (Target) violated internal revenue laws because the

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

[*2] Target failed to file relevant tax returns reporting income the Target allegedly received for multiple taxable years. Mr. Pratt attached to the Form 211 the Target's legal documents to advance his claim, noting the absence of the IRS as a named creditor of the Target. On August 23, 2021, the WBO sent a letter to Mr. Pratt acknowledging receipt of his Form 211, and the case was assigned claim No. 2021-013917.

The WBO sent Mr. Pratt's claim to a "classifier" in the IRS's Small Business/Self-Employed (SB/SE) Operating Division. On September 13, 2021, the classifier recommended that the WBO deny Mr. Pratt's claim because, while his allegations met the section 7623(a) criteria, the "[a]lleged amount in dispute [was] under $10[,000]." The WBO agreed with this recommendation and did not forward Mr. Pratt's claim to any IRS examination team for further review. On September 20, 2021, the WBO issued Mr. Pratt a final determination letter denying his claim. This letter explained that "the information [Mr. Pratt] provided did not result in the collection of any proceeds. Therefore, [Mr. Pratt is] not eligible for an award."

On October 20, 2021, Mr. Pratt timely filed his Petition. There he again included Form 211 and the Target's legal documents. On December 16, 2021, the Commissioner filed his Answer. On May 2, 2022, this Court stayed these proceedings pending the resolution of the jurisdictional questions raised in *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022), and *Kennedy v. Commissioner*, 142 F.4th 769, then pending before the U.S. Court of Appeals for the D.C. Circuit. On January 11, 2022, the D.C. Circuit decided *Li*, holding that this Court lacked jurisdiction to hear appeals from threshold rejections of whistleblower claims. On October 31, 2022, the Supreme Court denied certiorari in *Li*. Following *Li*, on July 8, 2025, the D.C. Circuit decided *Kennedy v. Commissioner*, 142 F.4th 769. The D.C. Circuit in *Kennedy* held that we lack jurisdiction to review a whistleblower claim where the claim is transferred to an IRS operating division for review, but the operating division does not initiate an examination or other administrative action with respect to that claim.

*Discussion*

I.   *Our Jurisdiction in Whistleblower Cases*

We are a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *See* § 7442;

[*3] *Kasper v. Commissioner*, 137 T.C. 37, 40 (2011); *Judge v. Commissioner*, 88 T.C. 1175, 1180–81 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We have no authority to enlarge upon that statutory grant. *McCrory v. Commissioner*, 156 T.C. 90, 93 (2021). We nevertheless have jurisdiction to determine whether we have jurisdiction. *Id.* Where, as here, this Court's jurisdiction is duly challenged, our jurisdiction must be affirmatively shown by the party seeking to invoke that jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Romann v. Commissioner*, 111 T.C. 273, 280 (1998); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975). To meet this burden, Mr. Pratt, as the party who filed the Petition, "must establish affirmatively all facts giving rise to our jurisdiction." *David Dung Le, M.D., Inc.*, 114 T.C. at 270.

Section 7623(b)(4) defines our jurisdiction in whistleblower cases. *See Shands v. Commissioner*, 160 T.C. 388, 395 (2023), *aff'd*, 111 F.4th 1 (D.C. Cir. 2024). It provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." § 7623(b)(4). Our jurisdiction is dependent upon a finding that a "determination" has been made. *See Kennedy v. Commissioner*, 142 F.4th at 775. A "determination" occurs when "the Secretary proceeds with any administrative or judicial action . . . based on information brought to the Secretary's attention by an individual." § 7623(b)(1).

Absent stipulation to the contrary, an appeal of this whistleblower award case lies with the U.S. Court of Appeals for the D.C. Circuit. *See* § 7482(b)(1) (penultimate sentence); *Kasper v. Commissioner*, 150 T.C. 8, 11 n.1 (2018). First, we consider the whistleblower precedent that defines this Court's jurisdiction. In *Li v. Commissioner*, 22 F.4th at 1017, the D.C. Circuit limited this Court's jurisdiction, holding that a threshold rejection of a whistleblower's claim by the WBO is not a reviewable award determination. A threshold rejection is the "initial rejection of a whistleblower award before the WBO makes an award determination under subsection[] (b)(1)–(3)." *Id.* at 1016. In *Li* the WBO rejected the whistleblower's claim for being "vague and speculative." *Id.* at 1017. The WBO did not forward the claim to an IRS operating division for further review, and no action was taken against the target taxpayer. *Id.* As the D.C. Circuit concluded in *Li*, a "determination" by the IRS arises only when the IRS *proceeds* with any administrative or judicial action," and "[a] threshold rejection of a

**[\*4]** Form 211 by nature means the IRS is not *proceeding* with an action against the target taxpayer." *Id.*

In *Lissack v. Commissioner,* 125 F.4th 245, 255 (D.C. Cir. 2025), *aff'g* 157 T.C. 63 (2021), the D.C. Circuit further considered the scope of *Li*, holding that if the IRS proceeds with an administrative action, that action is a reviewable award determination subject to this Court's jurisdiction, even if the WBO later denies the claim. Acknowledging the precedents of *Li* and *Lissack*, this case involves facts that go beyond the initial threshold rejection of Form 211 yet fall short of an award determination. Within this spectrum, certain actions taken by an IRS operating division and the WBO are not determinations. *See Kennedy v. Commissioner*, 142 F.4th at 779. Before *Kennedy*, the D.C. Circuit had not addressed whether forwarding a whistleblower claim to an IRS operating division for classification qualified as a "determination" over which this Court has jurisdiction pursuant to section 7623(b)(4). In resolving this jurisdictional question, the D.C. Circuit further narrowed our jurisdiction in the consolidated cases of *Kennedy* and *Meidinger*. This case parallels the facts of the whistleblower in *Meidinger*.

In *Meidinger* the WBO reviewed and forwarded the whistleblower's Form 211 to the IRS Tax Exempt and Government Entities (TEGE) operating division. *Kennedy v. Commissioner*, 142 F.4th at 774. TEGE "reviewed" the whistleblower claim and "surveyed" the target taxpayer's tax return. *Id.* Ultimately, the IRS chose not to investigate the claim further because the whistleblower's allegations were "not specific, credible, or [were] speculative." *Id.* The whistleblower argued that the WBO's transmission of its Form 211 to an IRS operating division was an administrative or judicial action conferring jurisdiction on this Court. *Id.* at 776. The D.C. Circuit disagreed, finding this Court's jurisdiction "does not hinge on the WBO's choice to retain or transfer investigative authority [to another IRS division]." *Id.* at 778. Further, the court reasoned that the IRS's "survey" of the target taxpayer was "simply a preliminary review" and not an administrative or judicial action. *Id.*

While section 7623(b) grants the WBO authority to process whistleblower claims, the D.C. Circuit determined that "[the WBO] may choose to 'investigate . . . matter[s] itself or assign [them] to the appropriate [IRS] office,'" and our jurisdiction does not hinge on that choice. *Kennedy v. Commissioner*, 142 F.4th at 777–78 (quoting Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, § 406(b)(1)(B), 120 Stat. 2922, 2960). As a result, "any distinction between the WBO

**[*5]** and the [IRS] operating division is irrelevant," and the choice to transfer investigative authority is not an administrative or judicial action by which the IRS proceeds against a taxpayer. *Id.* at 778. Therefore, "there are actions other than a threshold rejection—including sending a Form 211 to an operating division—that do not constitute a § 7623(b) determination." *Id.* at 779. Thus, the D.C. Circuit concluded that this Court did not have jurisdiction over the whistleblower's claim.

II.    *Analysis*

We determine that *Kennedy*, specifically the facts of *Meidinger*, are instructive with respect to the instant case. The WBO forwarded Mr. Pratt's claim to the IRS's SB/SE operating division, where an IRS classifier recommended denying his claim. Under Internal Revenue Manual 25.2.1.3.1 (May 28, 2020), a classifier "determine[s] whether the [claim] should be forwarded for further review." The classifier can either forward the claim to an IRS examiner or recommend denying the claim. *Id.* Here, the IRS classifier recommended denying Mr. Pratt's claim because the "[a]lleged amount in dispute [was] under $10[,000]." Accepting the IRS classifier's recommendations, the WBO denied Mr. Pratt's claim.

Under section 7623(b)(4), a reviewable determination is one in which the IRS proceeded with an administrative or judicial action against the target taxpayer. As articulated in *Kennedy* and *Meidinger*, the WBO's transfer of Mr. Pratt's claim to the SB/SE operating division is not an "administrative or judicial action" subject to this Court's jurisdiction. Further, the IRS classifier's recommendation to deny Mr. Pratt's claim is no more than a survey or preliminary review. Therefore, there is no administrative or judicial action in this case that led to an award determination. Because the denial of Mr. Pratt's claim by the SB/SE classifier is not a determination regarding an award pursuant to section 7623(b)(4), *Kennedy* dictates that this Court lacks jurisdiction. Therefore, we will grant the Commissioner's Motion.

Any contentions not addressed herein are moot, irrelevant, or without merit.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*